PRICE, Judge.
This action was brought under the Louisiana Workmen’s Compensation Statute to recover benefits for total and permanent disability, penalties and attorney’s fees. At the time of trial it was stipulated that the plaintiff was entitled to a judgment awarding him benefits for total and permanent disability, and the only issue to be decided by the trial court was the question of liability for penalties and attorney’s fees for an alleged arbitrary and capricious refusal by the insurance carrier to pay plaintiff benefits within sixty days after notification, as provided by law. The district court rejected plaintiff’s demands for penalties and attorney’s fees and from that portion of the judgment plaintiff has perfected this appeal.
In May, 1967, plaintiff, Homer G. Harmon, a resident of Caddo Parish, Louisiana, was employed by Mid-South General Contractors, Inc. of Jackson, Mississippi, as a rig builder in the construction of a drilling derrick in the North Sea off the coast of England. The work was being performed by Mid-South under a contract with Loff-land Brothers Company of Tulsa, Oklahoma, who were the owners of the rig. The injury complained of by plaintiff happened on May 14, 1967, at which time plaintiff suffered an injury to his back which was later diagnosed as a herniated disc. Plaintiff had been hired by a supervisory employee of Mid-South General Contractors, Inc. in the State of Louisiana, and after his injury he was returned to his home in Shreveport, Louisiana. Plaintiff was hospitalized from about May 21st through May 31st in Shreveport, Louisiana, and was treated by Dr. Ray King, an orthopedic surgeon, who advised plaintiff that he was at that time totally disabled to perform the work for which he had been engaged.
On June 9, 1967, plaintiff communicated with the agent who wrote the workmen’s compensation insurance policy covering his employer, giving them all necessary details of his employment, injury and treatment. This communication was in the form of a letter written by plaintiff’s wife, who also requested that the necessary forms be sent to plaintiff to enable him to draw workmen’s compensation benefits. Plaintiff was advised on June 16, 1967, that the matter had been referred to his employer, a Mr. Fred Endom, President of Mid-South General Contractors, Inc. Plaintiff then wrote to Mrs. Endom on June 28, 1967, requesting that she acknowledge whether proper notification had been given to the insurance carrier about the claim. No immediate reply was forthcoming so plaintiff wrote the Mississippi Workmen’s Compensation Commission regarding his claim. They replied that his claim probably came under the Longshoremen’s Act and suggested plaintiff employ an attorney. Plaintiff did employ an attorney who made written demand on Mid-South General Contractors, Inc. by letter of August 1, 1967. After determining the name of the workmen’s compensation carrier of Mid-South General Contractors from the Mississippi Workmen’s Compensation Commission, the attorney for plaintiff again wrote this employer on September 19, 1967, demanding that proper notice of the injury be given to the insurance carrier. On the same date the attorney also wrote Fidelity and Casualty Company of New York, advising them of plaintiff’s injury and claim. No reply was made until September 26, 1967, at which time an attorney of Jackson, Mississippi, wrote plaintiff’s attorney, stating that he would look into the matter and advise. Plaintiff filed suit in the district court of his domicile in Caddo Parish, Louisiana, on November 27, 1967, naming as defendants Mid-South General Contractors, Inc., Fidelity and Casualty Company of New York, and Loffland Brothers Company. Answer was filed on behalf of Mid-South and Fidelity and Casualty Company, in which they denied that plaintiff was entitled to benefits.
Subsequently, on February 21, 1968, the attorney for defendant, Fidelity and Casual *392 ty Company of New York, wrote plaintiff’s attorney and advised that the company had completed an evaluation of his claim and found him to he entitled to benefits and offered to pay all past due compensation and medical expenses and begin payment of weekly benefits as long as plaintiff was •disabled. Plaintiff refused the offer, contending that he had become entitled to •penalties and attorney’s fees in addition to regular benefits.
LSA-R.S. 22:658 provides as follows:
“All insurers issuing any type of contract other than those specified in R.S. 22:656 and 22:657 shall pay the amount of any claim due any insured including any employee under Chapter 10 of Title 23 of the Revised Statutes of 1950 within sixty days after receipt of satisfactory proofs of loss from the insured, employee or any party in interest. Failure to make such payment within sixty days after receipt of such proofs and demand therefor, when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of 12% damages on the total amount of the loss, payable to the insured, or to any of said employees, together with all reasonable attorney’s fees for the prosecution and collection of such loss, * * * ”
The defendant, Fidelity and Casualty Company of New York, contended that it should not be liable for penalties and attorney’s fees in this situation because there were so many complicating factors surrounding plaintiff’s employment that took it an unusually longer period to process his claim. Defendant points out that plaintiff was employed in Louisiana by a Mississippi contractor to perform work on the high seas off the coast of England. Evidence was adduced on behalf of the insurer disclosing that they received the employer’s first report of injury in their office in Birmingham, Alabama, on October 9, 1967. The matter was referred to the Shreveport claims office. An employee of this office testified that he began in November, 1967, to take the necessary steps to verify coverage with other offices of the company and to gather medical reports to evaluate the claim. In addition, he testified as to difficulties encountered in verifying the accidental injury to plaintiff and obtaining medical reports to complete the necessary file on plaintiff’s claim.
From our appreciation of the evidence, it was definitely established that the defendant, Fidelity and Casualty Company had notice of the injury and claim on October 9, 1967, at their Birmingham, Alabama office. This notice to them was accompanied by medical reports of Dr. Ray King. The letter of plaintiff’s attorney of September 19, 1967, to the defendant, Fidelity and Casualty Company, was accompanied by a copy of a letter written to Mid-South General Contractors, Inc., which gave all pertinent information concerning the accident and injury to plaintiff. It was not until December 19, 1967, that defendant, Fidelity and Casualty Company, determined that it had insurance coverage of this claim. This was some seventy-one days after the company admitted that it had knowledge of the claim. Even after establishing coverage on December 19, 1967, no offer to pay benefits was communicated to plaintiff until February 21, 1968.
We are of the opinion that the evidence shows a lack of proper concern on the part of the insurer for the rights of plaintiff. In the case of Barham v. Mathieu, La.App., 198 So.2d 145 (1st Cir., 1967), the court found that inaction and inattention to a claim of an injured employee was arbitrary and capricious and without probable cause.
The defendant insurance company in this case, upon receiving notice in early October, was aware that the injury occurred on May 14th and that a considerable delay had already been encountered by reason of the failure of the employer to promptly notify *393 the insurer. It was, therefore, the obligation of the insurer to process and evaluate the claim as quickly as possible rather than to use the slow and circuitous method utilized in this matter. The delays occasioned in this matter are unreasonable and tend to defeat the purpose of the compensation statute. We, therefore, are of the opinion that the plaintiff is entitled to penalties as provided by LSA-R.S. 22:658 and reasonable attorney’s fees.
The case of McClelland v. Liberty Mutual Insurance Company, La.App. (2d Cir., 1965), 180 So.2d 19, held that the 12% penalties provided for in LSA-R.S. 22:658 should only apply to those weekly benefits past due for more than 60 days.
 In determining the amount of attorney’s fees, this court in the case of Cain v. Employers Casualty Company, La.App., 96 So.2d 527 (2d Cir., 1957), affirmed 236 La. 1085, 110 So.2d 108 (1959), held that the fee should be based on the skill of the attorney and the amount of work involved, and is in lieu of the statutory fee provided under the law. In the case referred to the court affirmed the allowance of a fee of $2,000.00 by the trial court. We feel that because of the complex nature of plaintiff’s claim in this case, and the time spent by the attorney on the case, an award of $2,500.00 would be commensurate.
For the reasons assigned the judgment appealed from is amended to provide that plaintiff recover from the defendant, Fidelity and Casualty Company of New York, penalties of 12% on all weekly payments that are overdue for more than 60 days, or which hereafter become overdue for more than 60 days, and attorney’s fees in the sum of $2,500.00. The provision in the judgment appealed from fixing the statutory fee of plaintiff’s attorneys is hereby deleted. As amended, the judgment appealed from is affirmed in all other respects, and the costs of this appeal are taxed against defendant, Fidelity and Casualty Company of New York.