(No. 52287.— )

INTERSTATE CONTRACTORS *et al.*, Appellees, v. THE INDUSTRIAL COMMISSION *et al.* (Jerry Kennedy, Appellant).

*Opinion filed September 15, 1980.*

Robert E. Cleveland, of Chicago, for appellant.

Discipio, Martay & Caruso, of Chicago (William H. Martay, of counsel), for appellees.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

In an *ex parte* hearing conducted on March 31, 1975, under the provisions of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*), an arbitrator for the Industrial Commission found that claimant, Jerry Kennedy, had sustained accidental injuries arising out of and in the course of his employment with respondent, Interstate Contractors. Claimant was president of respondent at the time he allegedly sustained the injuries, and the hearing was conducted on an *ex parte* basis due to the failure of claimant to correctly specify the address of respondent in his application for adjustment of claim and the resulting failure to effect service upon respondent. The arbitrator awarded claimant compensation of $109.90 per week for a period of 7 weeks temporary total disability, compensation of $80.90 per week for a period of 117½ weeks for the permanent and complete loss of the use of the right arm to the extent of 50% thereof, and $277 for reasonable medical expenses incurred. No proceeding for

review was taken from this award. On November 4, 1975, in proceedings under section 19(k) of the Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(k)), the Commission found that there had been an unreasonable and vexatious delay in the payment of compensation and awarded claimant additional compensation, $5,106.03, equal to 50% of the award.

On May 4, 1976, Aetna Life and Casualty Company (Aetna), workmen's compensation insurer for respondent, was added as a party respondent pursuant to section 4(g) of the Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.4(g)). Aetna thereafter filed a motion before the Commission to set aside the original award of the arbitrator and the section 19(k) award of the Commission, alleging that these decisions were void for lack of personal jurisdiction over respondent Interstate Contractors. Respondent submitted in support of its motion the affidavit of Julian S. Ceiply, staff counsel for Aetna. Ceiply stated in his affidavit that he personally examined the Industrial Commission's file in the cause and that the file contained two envelopes that indicated an addressee as "Interstate Contractors, 1800 Shermer Road, Northbrook, Illinois." The first envelope, to which was attached the original application for adjustment of claim, was returned to the Commission bearing the notation "Addressee Unknown" and "Addressee Not At This Address." The second envelope, mailed January 23, 1976, bore the same notations and was stamped "Received January 28, 1976, Industrial Commission, Illinois." Claimant admitted that the correspondence was incorrectly addressed. Claimant objected, however, to the jurisdiction of the Commission, contending that the period for review of these decisions had expired. The Commission denied respondent's motion to vacate its prior decisions.

Respondent thereafter filed a timely petition for review of this order in the circuit court of Cook County. Claimant filed a special and limited appearance objecting

to the jurisdiction of the circuit court, once again contending that the period for review of the decisions had expired. The circuit court reversed the order of the Commission and ruled that the decisions of the Commission were void for lack of *in personam* jurisdiction over respondent Interstate Contractors and remanded the cause to the Commission for a full and complete hearing with proper notice.

On remand, before an arbitrator for the Commission, claimant continued to object to the jurisdiction of the Commission and refused to participate in the new hearing. The arbitrator dismissed the cause for want of prosecution, and this decision was affirmed on review before the Industrial Commission. On *certiorari,* the circuit court of Cook County confirmed the decision of the Industrial Commission, and claimant appealed to this court pursuant to Rule 302(a) (73 Ill. 2d R. 302(a)).

Claimant argues in this court, assuming that respondent Interstate Contractors had not received notice of the proceedings below, that "review" of a decision of the Commission can be obtained only in the manner prescribed by section 19 of the Act (Ill. Rev. Stat. 1973, ch. 48, pars. 138.19(b), (f)). Claimant contends that neither the Commission nor the circuit court was vested with the authority to inquire into the validity of the decisions rendered by the Commission as the period for review had expired. Claimant argues in the alternative that in his capacity as president of Interstate Contractors "he received and would have been aware of such notices and proceedings" and that *in personam* jurisdiction had therefore been acquired over respondent Interstate Contractors. We are not persuaded by the arguments advanced by claimant.

While it is generally true that a party cannot indirectly attack an award of the Commission in a collateral proceeding where no review had been taken in the manner

provided by statute (*City of Chicago v. Industrial Com.* (1976), 63 Ill. 2d 99, 103), section 19 of the Act does not authorize the entry of a decision in violation of the principles of due process. A similar question was presented in *City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, wherein an order of the Commission was attacked in a collateral proceeding after the expiration of the time for review provided in the Administrative Review Act (Ill. Rev. Stat. 1973, ch. 110, par. 267). The court determined that the jurisdiction of the Fair Employment Practices Commission is analogous to that of courts of limited jurisdiction existing in our pre-1964 judicial system, and it stated: "In the context of cases involving the validity of orders or judgments of those courts, this court has said: 'A judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally.' " (Emphasis removed.) (*City of Chicago v. Fair Employment Practices Com.* (1976), 65 Ill. 2d 108, 112, quoting *Barnard v. Michael* (1945), 392 Ill. 130, 135.) We therefore hold that both the Industrial Commission and the circuit court are vested with the power to examine the validity of the decisions entered in the proceedings below and empowered to determine whether they are void for lack of jurisdiction over the parties.

Claimant's contention that as president of Interstate Contractors "he received and would have been aware of such notices and proceedings" and that this would satisfy the requisites of due process is equally without merit. The record in the cause does not support the conclusion that claimant had in fact received correspondence from the Commission in his capacity as an officer of the respondent corporation. The original application for adjustment of

claim listed an incorrect address for respondent Interstate Contractors, and the affidavit of Julian Ceiply indicates that correspondence was mailed to the incorrect address as late as January 23, 1976, well after the decisions at issue had been entered. Notice of the arbitrator's decision, and of the section 19(k) award, were also mailed to the incorrect address, and it was not until Aetna was made a party that the Commission became aware of this error. We therefore hold that the judgment of the circuit court, that the decisions below were void for lack of jurisdiction over the parties, was correct.

For the reasons stated, the judgment of the circuit court, dismissing claimant's cause for want of prosecution, is affirmed.

*Judgment affirmed.*