JERRY KENNEDY, Plaintiff-Appellant, *v.* INTERSTATE CONTRACTORS *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 78-965

Opinion filed December 3, 1980.

Robert H. Cleveland, of Chicago, for appellant.

William H. Martay, of Discipio & DeCarlo, of Chicago, for appellees.

Mr. JUSTICE RIZZI delivered the opinion of the court:

In an *ex parte* hearing conducted under the provisions of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.1 *et seq.*), the Industrial Commission entered an award in favor of Jerry Kennedy and against his employer, Interstate Contractors. Later, pursuant to section 19(k) of the Act, the Commission found that there had been an unreasonable and vexatious delay in the payment of the compensation and awarded Kennedy additional compensation equal to 50% of the original award. Kennedy then filed an application for entry of judgment in the circuit court of Cook County (No. 76 L 14194), attaching the pertinent documents from the Industrial Commission as exhibits. (See Ill. Rev. Stat. 1973, ch. 48, par. 138.19(g).) Interstate and its workmen's compensation insurer, Aetna Life and Casualty Company, were named as parties. They filed a special and limited appearance contesting the jurisdiction of the Industrial Commission to enter the award and section 19(k) penalty against Interstate, since the original application for compensation filed by Kennedy had been sent to the wrong address and had been returned "Addressee Unknown" and "Addressee Not At This Address."

In the interim, Aetna was added as a respondent in the workmen's compensation proceeding before the Industrial Commission. Aetna filed a motion to set aside Kennedy's original award and the 19(k) penalty, alleging that there was a lack of personal jurisdiction over Interstate when the award and penalty were entered. The Commission denied the motion, and Aetna filed a writ of *certiorari* in the circuit court of Cook County. That case proceeded under a different case number (No. 77 L 3308) than the application for entry of judgment which had been filed by Kennedy. In case No. 77 L 3308, the circuit court set aside the decision of the Commission and ruled that the orders of the Commission were void for lack of personal jurisdiction over Interstate and remanded the matter to the Commission for a full hearing with proper notice.

On remand before the Commission, Kennedy objected to the jurisdiction of the Commission and refused to participate in the new hearing for the alleged reason that Interstate had not filed a writ of *certiorari*

regarding the Commission's original award and penalty within proper time. Kennedy contended that therefore the Commission's original award and section 19(k) penalty had become final and neither the circuit court nor the Commission could vacate or void the award and penalty. The arbitrator dismissed Kennedy's workmen's compensation claim for want of prosecution; the decision was affirmed by the Commission. On *certiorari,* the circuit court of Cook County confirmed the decision of the Commission and Kennedy appealed to the Illinois Supreme Court. On appeal, the supreme court held that the circuit court's ruling that the award and penalty were void for lack of jurisdiction over Interstate was proper; the judgment of the circuit court dismissing Kennedy's workmen's compensation claim for want of prosecution was affirmed. *Interstate Contractors v. Industrial Com.* (1980), 81 Ill. 2d 434, 410 N.E.2d 837.

■■ ■ Prior to the supreme court decision, the circuit court dismissed Kennedy's application for entry of judgment in case No. 76 L 14194. This appeal is from that dismissal order. Since the award and penalty in favor of Kennedy were void, the trial court's dismissal of the application for entry of judgment was proper. The rendering of a judgment on an award under section 19(g) of the Workmen's Compensation Act is not a perfunctory duty or an empty formality but is a judicial act, and as such must necessarily be predicated upon jurisdiction of the subject matter and the parties. (*Fico v. Industrial Com.* (1933), 353 Ill. 74, 79, 186 N.E. 605, 607.) Here, the circuit court did not have jurisdiction to render a judgment on the application for judgment because there was no legally effective award or penalty in favor of Kennedy which could serve as the subject matter of the court's jurisdiction.

Accordingly, the order dismissing the application for entry of judgment is affirmed.

Affirmed.

McGILLICUDDY, P. J., and SIMON, J., concur.