NEAL FLYNN, Plaintiff-Appellant, *v.* THE INDUSTRIAL COMMISSION *et al.*, Defendants.—(SOY CITY TIRE AND TREADING, INC., Defendant-Appellee.)

Fourth District   No. 16691

Opinion filed March 30, 1981.

Scheele, Serkland & Boyle, Ltd., of Chicago (James C. Serkland, of counsel), for appellant.

Henry D. Noetzel & Associates, Ltd., of Peoria (William J. Thomas, of counsel), for appellee.

Mr. JUSTICE MILLS delivered the opinion of the court:

Workers' Compensation case.

Lump-sum settlement, failure to pay.

We hold that suit for penalties will lie for "unreasonable or vexatious delay" in complying with the settlement.

Plaintiff Flynn appealed two orders of the circuit court of Macon County to the Supreme Court of Illinois. On October 8, 1980, that court consolidated the appeals and transferred them to this court.

The facts and legal issues in both cases are virtually identical.

On February 15, 1978, and again on May 19, 1980, plaintiff sustained employment-related injuries while in defendant's employ. Each of plaintiff's claims was settled by agreements with the defendant, Soy City Tire and Treading, Inc., which provided for lump-sum payments, and the agreements were approved by the Industrial Commission. In both cases, defendant did not make payment and plaintiff prosecuted actions with the Commission under section 19(k) of the Workers' Compensation Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(k)).

After finding that the defendant did in fact refuse to make payment, the Commission awarded penalties to the plaintiff. When payments were still not forthcoming, plaintiff instituted two actions in the circuit court pursuant to section 19(g) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.19(g)). In both cases, the defendant moved to dismiss the actions, claiming that neither the Commission nor the court had jurisdiction to award or enforce the penalty provisions of the Act following the Commission's approval of the lump-sum settlement contract. The circuit court agreed, and both cases were dismissed by docket entry on May 5, 1980.

On appeal, plaintiff asks: (a) Does the circuit court have the authority to question the Commission's jurisdiction when a section 19(g) proceeding is brought before it? And (b) is the Commission authorized to award section 19(k) penalties following approval of a lump-sum settlement contract? To both questions we respond yes, and reverse.

I

Section 19(g) of the Act provides:

> "(g) Except in the case of a claim against the State of Illinois, either party may present a certified copy of the award of the Arbitrator, or a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according to this Act, to the Circuit Court of the county in which such accident occurred or either of the parties are residents, *whereupon the court shall render a judgment in accordance therewith.*" (Emphasis added.) Ill. Rev. Stat. 1979, ch. 48, par. 138.19(g).

Plaintiff claims that under section 19(g) the circuit court had not questioned the legality of the Commission's order, but rather was required to enter judgment. In contrast, the defendant claims that the court had both the authority and the responsibility to determine whether the Commission had jurisdiction of the subject matter. Both parties point to the decision in *Ahlers v. Sears Roebuck Co.* (1978), 73 Ill. 2d 259, 383 N.E.2d 207, as the definitive precedent on this question.

In *Ahlers*, the parties entered into a settlement contract which pro-

vided that the claimant was to receive $725 per month for nursing care. These payments were ordered to be discontinued if nursing care was no longer required or if the Commission determined that different nursing care was needed. Approximately three years later, the defendant unilaterally terminated payments and sought to have the case reopened before the Commission. The petition to reopen was denied. The plaintiff then brought an action in the circuit court pursuant to section 19(g) for past-due amounts. The circuit court and the appellate court found in favor of the plaintiff and the defendant appealed. The supreme court initially found that section 19(g) conferred authority upon the circuit court to render judgment in accordance with an award or decision of the Commission when a certified copy is presented to the court. The court also found that the Commission's order of approval of a settlement contract constitutes a decision of the Commission for purposes of section 19(g).

The defendant in *Ahlers* further argued that the circuit court erred in entering judgment because the order upon which judgment was entered was not a final order of the Commission due to the fact that it was subject to modification by terms of the contract. The court responded that an order of the Commission becomes final when the rights and obligations of the parties are determined. The court further found that the possibility of modification did not preclude entry of judgment under section 19(g). Similarly, the court rejected the defendant's contention that the circuit court erred in entering judgment without receiving evidence as to the plaintiff's current status. In this respect, the court stated:

> "Recognizing the purpose of the section [19(g)] to permit speedy entry of judgment [Citation], *previous cases have held that the circuit court's inquiry under section 19(g) is limited to a determination of whether the requirements of the section have been met* [Citation]. *The court may not, for example, question the jurisdiction of the Commission or the legality of its actions* [Citations], and it may not review the Commission's decision or construe the statute [Citations]. * * * *The circuit court may refuse to enter judgment only, for example, when a lack of jurisdiction appears on the face of the record* [Citation]." (Emphasis ours.) 73 Ill. 2d 259, 268, 383 N.E.2d 207, 211.

Each of the parties in this appeal grasps for a supportive phrase in the apparently conflicting quoted material. The *Ahlers* decision must, however, be read in light of the issues presented. The circuit court's inquiry under the defendant's motion to dismiss in the instant case only required an examination of the statute. The defendant here was not asking the circuit court to hear evidence and make a factual determination as was the defendant in *Ahlers*.

Subsequent to the decision in *Ahlers*, our supreme court rendered a decision which we find dispositive of the question presented. In *Interstate Contractors v. Industrial Com.* (1980), 81 Ill. 2d 434, 410 N.E.2d 837, the plaintiff was given an award after an *ex parte* hearing. No proceedings were taken to review the award and the Commission assessed penalties under section 19(k). The insured then filed a motion to set aside the original award and the section 19(k) penalties alleging that these decisions were void for lack of personal jurisdiction over the defendant. In fact, the defendant had not received notice because the notice was improperly addressed by the claimant. The Commission denied defendant's motion to vacate, and the circuit court reversed the order of the Commission and ruled the decisions were void for lack of *in personam* jurisdiction. On remand to the Commission, the plaintiff continued to object to the jurisdiction of the Commission and refused to participate in the hearing. The arbitrator dismissed the cause for want of prosecution, and the Industrial Commission affirmed. On *certiorari*, the circuit court affirmed.

The circuit court's decision was appealed to the supreme court. There, the claimant argued that neither the Commission nor the circuit court was vested with the authority to inquire into the validity of the decisions rendered by the Commission since the period for review had expired. The court responded by saying that while it is generally true that a party cannot indirectly attack an award of the Commission in a collateral proceeding where no review had been taken in the manner provided by statute, section 19 of the Act does not authorize the entry of a decision in violation of the principles of due process. The court then drew an analogy to a case dealing with the Administrative Review Act. Quoting from that decision, the court stated that a judgment, order or decree entered by a court which lacks jurisdiction of the parties or of the subject matter, or which lacks the inherent power to make or enter the particular order involved, is void, and may be attacked at any time or in any court, either directly or collaterally. The court concluded "that both the Industrial Commission and the circuit court are vested with the power to examine the validity of the decisions entered in the proceedings below and empowered to determine whether they are void for lack of jurisdiction over the parties." 81 Ill. 2d 434, 438, 410 N.E.2d 837, 839.

■■ While it is true that the decision in *Interstate Contractors* involved the lack of *in personam* jurisdiction and the instant case involves subject matter jurisdiction, the underlying principles are the same. In both cases, the court is faced with an order which may be void for lack of jurisdiction. *Ergo*, we hold that the circuit court did have the authority under section 19(g) to inquire into the Commission's power to assess penalties.

## II

Having held that the circuit court had the authority to question the subject matter jurisdiction of the Commission, we now conclude that the court erred in finding the Commission had no jurisdiction to assess penalties.

Section 19(k) of the Act provides:

> "(k) In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award. Failure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay." Ill. Rev. Stat. 1979, ch. 48, par. 138.19(k).

■■ Soy City Tire argued in the circuit court—and again argues here—that when the Commission entered its order approving the lump-sum settlement agreement which recited that the case was dismissed, it lost jurisdiction over the case and could not assess 19(k) penalties. Defendant relies upon the decision in *Michelson v. Industrial Com.* (1941), 375 Ill. 462, 31 N.E.2d 940.

In *Michelson*, the claimant entered into a settlement agreement with the employer and the parties appeared before the Industrial Commission after which the lump-sum settlement was approved. Prior to entry of the formal order, claimant filed a petition with the Commission requesting that the agreement be set aside on the ground of fraud. The Commission entered an order vacating the agreement, and the circuit court affirmed. The supreme court first found that the order setting aside the approval of the lump-sum settlement agreement disposed of the rights of the party and was therefore a final order. The court then noted that section 19(h) provides that when compensation, which is payable in accordance with an award or settlement contract approved by the Industrial Commission, is ordered paid in a lump sum by the Commission, no review is available under section 19(h).

> "The clear intent of that section is that once a lump sum settlement is approved by the commission, it is not subject to review for recurrence, increase or for diminishing or ending of the disability. It is equally clear, that the language quoted does not show legislative intent that jurisdiction, after the entry of such approval, should remain in the commission, and unless it is provided by other parts of the act, it does not exist." 375 Ill. 462, 465-66, 31 N.E.2d 940, 941-42.

Initially we note that the plaintiff here was not attempting to modify or vacate the award. Rather, plaintiff was attempting to enforce the award through the proper procedure of penalties for vexatious refusal to pay. Additionally, we note that the limitation of review set forth in section 19(h) is strictly limited to review under that Act. This fact was recognized in the *Michelson* opinion, where the court observed that jurisdiction could remain in the Commission following approval of the lump-sum award, pursuant to "other parts of the Act."

The question presented here is also similar to the question addressed by the court in *Board of Education v. Industrial Com.* (1932), 351 Ill. 128, 184 N.E. 202. There, proceedings were brought with the Commission pursuant to section 19(k), *after* the Commission had entered an award and the circuit court affirmed. The Commission awarded penalties and an appeal was prosecuted. In the supreme court, the appellant argued, *inter alia*, that the Commission had no jurisdiction under section 19(k) to assess penalties after its decision entering an award has become final. The supreme court rejected this argument and stated that section 19(k):

> "* * * clearly contemplates that proceedings to impose the penalty there provided shall first be instituted before the Industrial Commission. By its nature it is clear that such proceeding can be brought only after the Industrial Commission has made an award which has become final either by confirmation on review or the lapse of time for review without such being sought. 'Unreasonable or vexatious delay,' as used in the act, necessarily contemplates the passage of a greater period of time than that allowed for an application for *certiorari* to review the action of the commission. It may be further observed that delay necessarily occasioned by review of the award of the Industrial Commission, prosecuted in good faith, can scarcely be considered vexatious. The construction clearly demanded by paragraph (k) of section 19 of this act is that the commission is to hear an application for the imposition of penalty in the first instance by a petition before it. Plaintiff in error's contention of lack of jurisdiction in the commission is not tenable. The nature of the relief sought prevents the construction sought by plaintiff in error." 351 Ill. 128, 131, 184 N.E. 202, 203.

Defendant here attempts to distinguish the *Board of Education* case in that there the court was faced with an award of the Commission and not a settlement contract. The court in *Ahlers* determined that a settlement contract is the same as an award for purposes of section 19(g) enforcement proceedings. Likewise, we hold that under section 19(k) the settlement contract has the same legal effect as an award. Thus, under *Board of Education*, the Commission was authorized to assess penalties following approval of a settlement contract. Were we to hold otherwise,

we would be permitting defendants to enter into settlement contracts which they could vexatiously refuse to pay without fear of penalties. Should they determine that the award could be invested at a higher rate of interest than the six percent per annum provided under section 19(n), they would actually be profiting from the refusal to pay. Clearly this is contrary to the intent of the Act.

In sum, we hold that the circuit court could properly question whether the Commission's order was void for lack of subject matter jurisdiction. Here, however, the court erred in finding the Commission was without jurisdiction to assess penalties. The circuit court's orders dismissing plaintiff's applications for judgment are therefore reversed. This cause is remanded for further proceedings consistent with the views expressed in this opinion, as well as the unresolved question of attorney's fees.

Reversed and remanded.

TRAPP, P. J., and CRAVEN, J., concur.