### Richmond

KOPPERS COMPANY, INC., ET AL.

V.

WILBERT J. BROCKENBOROUGH

March 11, 1983.

Record No. 812113.

Present: Carrico, C.J., Cochran, Poff, Compton, Thompson,*
Stephenson, and Russell, JJ.

---

* Justice Thompson participated in the hearing and decision of this case prior to the effective date of his retirement on March 2, 1983.

Richard Cullen (John M. Oakey, Jr.; McGuire, Woods & Battle, on briefs), for appellants.
Gerald G. Lutkenhaus for appellee.

COCHRAN, J., delivered the opinion of the Court.

The question for decision on appeal in this Workmen's Compensation case is whether failure to pay a compromise settlement within two weeks after entry of the order approving the settlement gives rise to imposition of the penalty mandated by Code § 65.1-75.1.[1]

By order entered July 27, 1981, the Industrial Commission approved a compromise settlement of the claim of Wilbert J. Brockenborough against his employer, Koppers Company, Inc., and its insurer, Aetna Casualty & Surety Company (collectively, the employer), for frostbitten feet allegedly suffered by Brockenborough on March 5, 1980, in the course of his employment. The employer, while denying that Brockenborough's lost time was due to "an industrial accident," agreed to pay Brockenborough $3,424.14 for lost wages and in addition to pay all medical bills incurred by him to the date the settlement was approved.

---

[1] The statute provides:
§ 65.1-75.1. Failure to pay compensation within two weeks after it becomes due. — If any payment is not paid within two weeks after it becomes due, there shall be added to such unpaid compensation an amount equal to twenty percent thereof, which shall be paid at the same time as, but in addition to such compensation, unless the employer is not required to make such payment when due according to the provisions of this Act.

In a letter dated August 17, 1981, a copy of which was sent to counsel for the employer, Brockenborough's counsel notified the Commission that payment had not been made and requested that the Commission order immediate payment of $3,424.14 plus the 20% penalty provided by § 65.1-75.1. After receiving on August 20 Aetna's draft for $3,424.14, Brockenborough's counsel renewed his request that the Commission impose the statutory penalty. By order of September 10, a deputy commissioner directed payment of the 20% penalty in the sum of $684.82. The order stated that payment had not been made within the prescribed time, that the statute applied to "any payment," that no appeal had been taken from the approving order, and the required payment was already overdue when the time for appeal expired. Upon review, the Commission, one member dissenting, affirmed the order of the deputy commissioner by opinion dated November 16, 1981, which stated that the "entire sum of $3,424.14 was compensation."

The employer follows the rationale of the dissenting opinion in contending that the penalty provision is inapplicable in this case. First, the employer says, the parties were free to agree to the terms of settlement, the order approving the settlement did not specify a date for payment, the employer was entitled, therefore, to a reasonable time within which to pay, and payment within 24 days after entry of the order was reasonable. The employer further argues that § 65.1-75.1 does not apply to lump-sum payments under compromise settlement agreements. The employer says that Code § 65.1-100.1[2] affords a claimant who is party to a compromise settlement an adequate remedy if payment is unreasonably delayed.

In addition to medical benefits specified in Code § 65.1-88, the Act provides weekly payments, based upon weekly wages, for employees who have suffered compensable injuries or occupational diseases. *See, e.g.,* Code §§ 65.1-54, -55. Settlement of claims is expressly encouraged by Code § 65.1-45 "so long as the amount of compensation and the time and manner of payment are approved

---

[2] The statute provides:

§ 65.1-100.1. Enforcement, etc., of orders and awards. — Orders or awards of the Commission may be recorded, enforced, and satisfied as orders or decrees of a circuit court upon certification of such order or award by the Commission. The Commission shall certify such order or award upon satisfactory evidence of noncompliance with the same.

by the Commission in accordance with § 65.1-93"[3] of the Act. Employers and their insurers routinely agree to accept liability for compensable claims, and the Commission approves such an agreement, calling for weekly payments beginning on a specified date, by order entered on a Commission form marked "AWARD." *See Safety-Kleen Corp.* v. *Van Hoy,* 225 Va. 64, 66, 300 S.E.2d 750, 751 (1983) (this day decided); *Board and Paper Company* v. *Parker,* 201 Va. 328, 329, 111 S.E.2d 453, 454-55 (1959).

Neither the petition nor the order in the present case specified a time for payment. The order, unlike an order approving an agreement to accept liability for weekly payments beginning at a specified date, did not define itself as an award. It was an order entered approving the compromise settlement of a claim asserting liability which was contested by the employer. The order provided prospectively for release of the employer only upon payment of the sum of $3,424.14.

■ The employer and Brockenborough were free to negotiate the terms of settlement which, under an Industrial Commission rule, were required to be submitted to the Commission in a written petition. Industrial Commission Rule 14, *reprinted in* Virginia Rules Annotated (Michie 1982). Brockenborough's counsel conceded that a payment date could have been specified in the compromise settlement. He argued, however, that many claimants enter into such settlements without the assistance of counsel and should not be expected, therefore, to be alert to all available protective requirements. This argument, inapplicable here because the claimant was represented by counsel, overlooks the supervisory duty of the Commission under § 65.1-93 to approve settlements only where they are "clearly" deemed to be in the best interests of

---

[*] The statute provides:

§ 65.1-93. **Agreement as to compensation.** — If after injury or death, the employer and the injured employee or his dependents reach an agreement in regard to compensation or in compromise of a claim for compensation under this Act, a memorandum of the agreement in the form prescribed by the Industrial Commission shall be filed with the Commission for approval, and if approved, the same shall be binding, and an award of compensation entered upon such agreement shall be for all purposes enforceable by the court's decree as elsewhere provided in this Act, and if not approved, the same shall be void. Such agreement may be approved only when the Commission, or any member thereof, is clearly of the opinion that the best interests of the employee or his dependents will be served thereby; and approval of such agreement shall bind infant or incompetent dependents affected thereby. . . .

the claimants. No one has suggested that the Commission could not have inserted in its approving order a specified payment date.

■ In construing the penalty provision of the Act in respect to payment of lump-sum compromise settlements we find little help in the decisions of courts in other jurisdictions construing similar provisions. Thus, in *Brantley* v. *ADH Building Contractors,* 215 So.2d 297 (Fla. 1968), upon which Brockenborough relies, the court held that under Florida law the order approving a lump-sum settlement was an award of compensation payable upon entry of the order and that the penalty period of 20 days began to run on that date. The payment check of the self-insured employer was returned for insufficient funds and was not paid until six weeks after the settlement was approved. The court upheld imposition of the 20% penalty except as to such portion of the settlement as represented medical expenses, which were held not to be compensation. *See also Flynn* v. *Industrial Comm'n of Ill.,* 94 Ill. App.3d 844, 419 N.E.2d 526 (1981); *Surdi* v. *Premium Coal & Oil Co.,* 52 N.Y.2d 860, 418 N.E.2d 671, 437 N.Y.S.2d 78 (1981). On the other hand, in *Masi* v. *A. Gasbarro & Sons,* 103 R.I. 136, 235 A.2d 341 (1967), the court held that in Rhode Island a lump-sum commutation of periodic compensation payments was not subject to the 20% penalty which, by statute, could be added to any payment required by an order or decree not made within 14 days.

We construe the penalty provisions of § 65.1-75.1 to be inapplicable to a lump-sum compromise settlement for which no payment date has been fixed in the approving order. Once a payment date has been set, the penalty statute will apply, and the two-week period within which payment must be made to avoid the penalty will begin to run from that date. Absent a payment date specified in or approved by the order, however, we hold that the employer was entitled to a reasonable time after entry of the order to make the required payment. *See* 1 A. Corbin, Corbin on Contracts § 96 (1950).

■ Brockenborough does not, as indeed he could not, contend that payment was not received within a reasonable time. The employer paid within three days after its counsel was notified that payment had not been made — 24 days after entry of the approving order. We hold, therefore, that payment was made within a reasonable time. To hold otherwise would be to construe the penalty statute broadly, contrary to general principles, and to change the terms of the compromise agreement which the parties freely

negotiated. *See, e.g., Gates & Son Co.* v. *Richmond,* 103 Va. 702, 704-05, 49 S.E. 965, 965 (1905) (penal statute strictly construed). Accordingly, we will reverse the order of the Commission and enter final judgment for the employer.

*Reversed and final judgment.*