## Richmond

PAUL WESTON

v.

B. J. CHURCH CONSTRUCTION CO., et al.

No. 1319-88-2

Decided December 27, 1989

284

Counsel

Peter J. Jones, for appellant.

Jane Allen Fletcher (L. W. Hiner; Midkiff & Hiner, P.C., on brief), for appellee.

Opinion

**COLEMAN, J.**—The claimant, Paul Weston, appeals the Industrial Commission's refusal to impose a penalty against the employer and its insurer under Code § 65.1-75.1 for late payment of compensation benefits. The commission ruled that, because its order approving a compromise settlement between the parties did not contain a date certain on which payment was due, Code § 65.1-75.1 did not apply. We find that the order did contain a date certain on which payment was due and, therefore, the penalty provisions necessarily apply. While penalty statutes are to be narrowly construed in favor of the party against whom a penalty is sought, the legislature clearly and unambiguously has imposed a penalty for nonpayment of benefits within fourteen days from the date that payment was due without consideration for good cause or good faith.

The claimant entered into a lump sum compromise settlement with his employer, B. J. Church Construction Company and its insurance carrier. The draft order which set forth the settlement provided that payment would be due on the date that the Industrial Commission entered the order. That provision of the order was immediately followed by a blank space for the Industrial Commission to specify the date on which the order was entered. The draft was endorsed by Weston, his counsel, and the insurance carrier's representative, and submitted to the Industrial Commis-

sion. The order was approved, signed, and entered by the deputy commissioner on December 23, 1988, and that date of entry was noted in the space provided.

The Industrial Commission customarily notifies parties of the entry of an order by first class mail. The insurance carrier claims that it did not receive a copy of the notice of the Weston order for payment of benefits. On January 7, 1988, fifteen days after payment became due, the insurance carrier inquired of the Industrial Commission whether and when the order had been entered.[1] Upon learning that the order had been approved and entered, the insurance carrier issued a check to Weston on January 12, 1988, in full payment.

The claimant applied for the twenty percent penalty authorized by Code § 65.1-75.1 for payments due and unpaid after fourteen days. The deputy commissioner awarded the statutory penalty, but on appeal the full commission reversed, finding that Code § 65.1-75.1 was inapplicable because there was no date certain in the order as to when payment was due. The commission further found that the insurance carrier had been reasonably prompt in making payment after conducting its inquiry. Therefore, the commission held, in accordance with *Koppers Co. v. Brockenborough*, 225 Va. 58, 300 S.E.2d 755 (1983), that because no date certain as to when payment was due appeared in the order and because the insurance carrier made the required payment within a reasonable time after entry of the order, the penalty provision did not apply.

We hold that the order did in fact state a date certain upon which payment was due, which was December 23, 1988, the date the order was entered. By the express language of the order, signed by both parties, the parties agreed that payment would be due on the date that the order was entered and a space was provided in the order for the commission to note the date of entry. This provision as to when payment was due is clear. We find no tenable basis to support the commission's conclusion that the order failed to specify a date certain upon which payment was due. When the draft was completed and the order entered it clearly

---

[1] In computing the date by which benefits must be paid, the day following the award is the first day to be counted. *Audobon Tree Serv. v. Childress*, 2 Va. App. 35, 39, 341 S.E.2d 211, 214 (1986).

provided that payment was due on December 23, 1988. The fact that the order provided in draft form that payment was to be due upon entry of the order did not render the date that payment was due uncertain, for the moment the order was entered and the date of entry specified, the due date was certain.

█ That the insurance carrier, in tracking entry of the order, may have relied on the commission's practice of mailing first class notice of entry of the order does not relieve the parties of the duty to comply with the order or comply with the statute. Parties are not relieved of the obligation to comply with the commission's order because the method chosen to monitor or fulfill that obligation proves ineffectual. "Once a payment date has been set, the penalty statute will apply, and the two week period within which payment must be made to avoid the penalty will begin to run from that date." *Koppers Co.*, 225 Va. at 62, 300 S.E.2d at 757. Therefore, because payment was not made within fourteen days from the date payment was due, the claimant is entitled to a twenty percent penalty pursuant to Code § 65.1-75.1.

█ The employer and its insurance carrier point to the harsh inequities of the penalty statute under the circumstances of this case. They urge the court to provide some relief through narrow statutory construction of the penalty provision. In doing so, the carrier relies upon *Audobon Tree Service v. Childress*, 2 Va. App. 35, 41, 341 S.E.2d 211, 215 (1986), wherein we stated in reference to Code § 65.1-75.1 that "[w]here a statute imposes a penalty, it must be strictly construed in favor of the party on whom the penalty is sought to be imposed." Narrow construction, however, does not empower a court to relieve a party from the operation of a statute, absent fraud or other legally compelling circumstance. Likewise, the mandate of strict construction does not authorize courts to amend or modify clearly drafted statutes absent constitutional defect.

█ The Workers' Compensation statute is a remedial statute, its purpose being the prompt payment of compensation to injured workers. The purpose of the penalty provision of Code § 65.1-75.1 is to compel prompt payment, *Brantley v. ADH Building Contractors*, 215 So.2d 297, 298 (Fla. 1968), by requiring compensation to be paid within fourteen days after it becomes due. This fourteen day time limit is designed to discourage "slow and circuitous" payment of benefits due and to discourage inaction or inat-

tention to a claim. *See, e.g., Harmon v. Mid-South Gen. Contractors, Inc.*, 218 So. 2d 390 (La. Ct. App. 1969).

The consequence of the penalty provision of Code § 65.1-75.1 is to impose on the employer and carrier the duty to monitor the entry of an order or award by the commission. The customary practice of the commission in mailing notice of entry of the order makes this task less burdensome. However, the responsibility remains with the employer and its carrier to observe all statutory requirements. This responsibility is not unlike that which any party subject to an administrative or judicial determination bears, since, despite the customary practice of agencies and courts in mailing notice of their orders, decrees or awards, parties are not relieved of responsibility for compliance simply by virtue of customary practice. Although there is no evidence to suggest that the insurance carrier was attempting to avoid or circumvent making payment, the penalty provision nevertheless applies as written.

There is no savings provision or escape clause in Code § 65.1-75.1. The General Assembly has deemed fourteen days sufficient time in which to learn of an order's entry and to make payment. We will not judicially create a good faith exception or other savings provision to the statute when the legislature has clearly expressed itself. Accordingly, we reverse the commission's decision and remand the case for imposition of the statutory penalty.

*Reversed and remanded.*

Barrow, J., and Keenan, J., concurred.