GREENLEE TOOL, a Division of Excello Corporation, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Raymond Allen, Appellee).

Second District (Industrial Commission Division)   No. 2—92—1088WC

Opinion filed June 3, 1993.

Karen L. Kendall, of Heyl, Royster, Voelker & Allen, of Peoria, and Gregory P. Sujack, of Garofalo, Hanson, Schreiber & Vandlik, of Chicago, for appellant.

Richard O. Greenfield, of Chicago, for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The petitioner, Raymond Allen, filed two workers' compensation claims against the respondent, Greenlee Tool (Greenlee). He sought to recover damages for neck and arm injuries he allegedly suffered in two separate work-related accidents. Allen claimed the first accident occurred on April 1, 1985, and that the second accident occurred on April 9, 1986. This opinion will resolve the issues on appeal arising from the 1985 accident.

Greenlee had different insurance carriers providing coverage for the two accidents. Greenlee's insurer at the time of the first accident was Firemen's Fund Insurance Company (Firemen's Fund). Coverage for the second accident was held by Cigna.

On September 15, 1988, the claims were consolidated on the petitioner's request and both proceeded to arbitration. No attorney was present at the arbitration hearing to represent Greenlee on the 1985 claim. The arbitrator determined that the 1985 claim should proceed *ex parte*.

Following a hearing, the arbitrator ruled that the petitioner had sustained a compensable injury on April 1, 1985, and awarded the petitioner a permanency award of 10% of a man as a whole. Additionally, the petitioner was awarded temporary total disability benefits from April 2, 1985, through May 7, 1985.

On review, the Illinois Industrial Commission (Commission) denied Greenlee's motion to set aside the arbitrator's *ex parte* decision. The Commission reduced the injury award from 10% to 5% of a man as a

whole. The Commission affirmed the arbitrator's decision in all other respects. The circuit court confirmed the Commission's decision. Greenlee appeals. For the reasons which follow, we reverse and remand the cause to the Commission.

At the September 15, 1988, arbitration hearing, Gregory Sujack was the attorney representing Greenlee on the 1986 accident. Sujack told the arbitrator that he was only there to represent Greenlee on the 1986 claim.

Counsel for the petitioner told the arbitrator that there had been service upon Greenlee for the 1985 claim. Petitioner's counsel then explained to the arbitrator that he had telephoned Firemen's Fund the morning of the hearing and gave it notice that he intended to proceed on the 1985 claim. According to petitioner's counsel, Fireman's Fund did not react in any way or ask for a continuance. The arbitrator then directed petitioner's counsel to proceed on both claims.

Following the presentation of evidence, the arbitrator found the petitioner had suffered a compensable injury on April 1, 1985, and awarded the benefits previously indicated. Greenlee subsequently filed a petition for review with the Commission as well as a motion to set aside the arbitrator's *ex parte* decision.

At the hearing before the Commission, Greenlee sought to set aside the arbitrator's *ex parte* decision. Greenlee's attorney at the hearing before the Commission was assigned by its insurance carrier, Fireman's Fund. Greenlee presented the affidavit of Sandra Molitor. She managed Greenlee's workers' compensation cases during the period of time in question. Her affidavit stated that Greenlee had never received an application for adjustment of claim relating to the April 1, 1985, injury. Molitor further asserted that Greenlee had never received either a request for hearing form or a stipulation sheet setting the case for hearing on September 15, 1988. Therefore, Greenlee argued that it had not received notice of the arbitration hearing.

From his own file, the petitioner produced his copy of the application for adjustment of claim for the April 1, 1985, accident. Attached to the application was a proof of service form which indicated that Mary Louise McElree had mailed a copy of the document to Greenlee. The petitioner also produced a copy of a notice of hearing which allegedly was from the Commission's file. The notice of hearing was for an initial status hearing concerning the April 1, 1985, accident. The notice indicated that the status hearing was to be held on August 14, 1986. The petitioner argued that the Commission through its "system" would have sent Greenlee a copy of the notice of hearing.

The petitioner also presented the testimony of attorney John Shepherd. He stated that he previously represented Greenlee in other workers' compensation cases. Shepherd said that on the date of the arbitration hearing counsel for the petitioner approached him to discuss the situation. Thereafter, Shepherd telephoned Sandra Molitor, who managed Greenlee's workers' compensation cases. Shepherd informed Molitor that there was a case pending against Greenlee which was set before the arbitrator that day. Shepherd said he was totally unfamiliar with the case. He stated that he did not tell Molitor the name of the petitioner since he did not know it. Shepherd said that he did not file an entry of appearance in the 1985 case or request a continuance on behalf of Greenlee. After hearing this evidence, the Commission noted that an arbitrator has the burden to keep cases moving and reserved any ruling until the remainder of the evidence was presented.

Following the presentation of additional evidence, the Commission denied Greenlee's motion to set aside the arbitrator's *ex parte* decision. The Commission then reduced the petitioner's injury award. It affirmed the arbitrator's decision in all other respects. Thereafter, the circuit court of De Kalb County confirmed the Commission's decision.

On appeal, Greenlee argues that the Commission erred in denying its motion to set aside the *ex parte* decision of the arbitrator. Greenlee first contends that it did not receive notice of the arbitration hearing as required by section 7030.20(b)(2)(B) of the Illinois Administrative Code (Code) (50 Ill. Adm. Code §7030.20(b)(2)(B) (1985)).

In pertinent part, section 7030.20(b)(2)(B) of the Code provides that if there is no agreement between the parties on setting a trial date, the petitioner may file a motion requesting a hearing. The petitioner's motion should be accompanied by a request for hearing form which is provided by the Commission and sets forth the petitioner's claims. If the arbitrator determines that the matter should proceed to trial, *he shall set the matter for trial on a date 15 days or more after the opposing party has received a completed request for hearing form*. If the lawyer for any party fails without good cause to appear at the motion hearing, the arbitrator will hear the motion *ex parte*. Also, if the matter is ready for trial, the arbitrator will set a trial date convenient to the arbitrator and the party that appeared at the motion hearing. However, the Code provides that in *no* event shall the trial date be less than 15 days from the receipt by the opposing party of the request for hearing form.

Here, Greenlee contends that the above-noted section of the Code was clearly applicable and prohibited the arbitrator from proceeding

to an *ex parte* hearing. We agree. Greenlee points out that it presented as evidence the affidavit of Sandra Molitor which attested that Greenlee never received the required request for hearing form or the petitioner's application for adjustment of claim. As a result, Greenlee asserts that it did not receive the statutorily required notice of the arbitration hearing.

Greenlee further argues that the Illinois Supreme Court's decision in *Interstate Contractors v. Industrial Comm'n* (1980), 81 Ill. 2d 434, 410 N.E.2d 837, supports its position that the arbitrator lacked jurisdiction over the parties in the case at hand because Greenlee did not receive notice of the arbitration hearing. Again, we agree.

In *Interstate Contractors*, the arbitration hearing was held *ex parte* because the employer did not receive notice of the hearing. There, the claimant failed to specify correctly the address of the employer in his application for adjustment of claim and therefore failed to effect service upon the employer. Our supreme court held that since the employer did not appear and had received no notice of the hearing, the arbitrator's award would be set aside for lack of jurisdiction over the parties.

Finally, Greenlee contends that the arbitrator's decision to proceed *ex parte* may have been based on the so-called "Chicago Arbitration Rules." Greenlee notes that under these rules cases which are "above the red line" must be heard at the call or be dismissed for want of prosecution. Greenlee contends that the decision in *Berrios v. Rybacki* (1989), 190 Ill. App. 3d 338, 546 N.E.2d 651, is dispositive of this issue. We also agree. In *Berrios*, the court held that the "Chicago Arbitration Rules" were invalid. The court reasoned that the so-called "Chicago Arbitration Rules" had not been properly promulgated pursuant to the Illinois Administrative Procedure Act. Ill. Rev. Stat. 1987, ch. 127, par. 1001 *et seq.*

Initially, we hold that the Code's provisions concerning notice are applicable in the instant appeal. In this regard, the affidavit of Sandra Molitor indicated that Greenlee never received proper notice pursuant to the Code. In response, the petitioner's evidence consisted of a copy of an application for adjustment of claim retrieved from his own files. While the petitioner's application apparently indicated that a copy had been sent to the respondent, the record does not indicate whether a copy of this document was on file with the Commission at the time of their review.

The other document which the petitioner proffered as proof of service upon Greenlee was a copy of a notice of hearing form allegedly taken from the Commission's file. The notice was for an initial

status hearing to be held on August 14, 1986. We note that this notice was for a date approximately two years prior to the September 15, 1988, arbitration hearing. The petitioner argues that a copy of the initial status hearing notice would have been sent to Greenlee through the Commission's "system." Again, we point out that the record is barren of any proof that service was made upon Greenlee.

The petitioner additionally argues that the testimony of attorney John Shepherd, who represented Greenlee in other workers' compensation cases, established that Greenlee received notice of the hearing on the day of the arbitrator's *ex parte* decision. Shepherd also stated he did not represent Greenlee with respect to the 1985 accident. However, we find Shepherd's testimony did not establish that Greenlee received notice of the arbitration hearing. Shepherd clearly testified that he did not tell Greenlee's representative the petitioner's name because he did not know it. Moreover, the petitioner cites no case law, nor can this court find any cases, which support the petitioner's proposition that the Code's due process requirements are satisfied when a respondent receives notice of an arbitration hearing on the day the hearing is held. Consequently, we find no merit in petitioner's argument.

■ Based upon our review of the record, we find the Commission did not have sufficient evidence to support its determination that Greenlee received the required notice pursuant to the Code. Therefore, we reverse. Additionally, based upon our supreme court's holding in *Interstate Contractors*, we find that the arbitrator did not have jurisdiction over the parties because Greenlee did not receive the statutorily required notice of the arbitration hearing. Accordingly, we conclude that the arbitrator's award was void.

Furthermore, even *if* the arbitrator was relying on some provision of the so-called "Chicago Arbitration Rules" as authority to proceed with the *ex parte* hearing, we find that such reliance was misplaced. The "Chicago Arbitration Rules" were determined by *Berrios* to be invalid. We find unpersuasive the petitioner's argument that *Berrios* is inapplicable because it was rendered following the arbitration hearing. The *Berrios* decision holds that the "Chicago Arbitration Rules" were never properly promulgated. As a result, the "Chicago Arbitration Rules" have always been invalid.

■ Finally, we note that the petitioner has cited no authority, nor can this court find any, for the following contentions: (1) because an attorney was present to represent Greenlee on the 1986 accident claim, Greenlee had actual notice of the hearing involving the 1985 claim; (2) that when the attorney handling Greenlee's 1986 claim ob-

jected to a question relating to the 1985 claim, he then became Greenlee's attorney for the 1985 claim; or (3) Greenlee's attorney for the 1986 claim automatically became Greenlee's attorney for the 1985 claim when he raised the attorney-client privilege relating to records of any correspondence between his law firm and Greenlee involving the 1985 claim.

It is well established that bare contentions without argument or citation to any authority do not merit consideration on appeal. (*State Farm Mutual Automobile Insurance Co. v. Haskins* (1991), 215 Ill. App. 3d 242, 574 N.E.2d 1231.) We find the petitioner has failed to cite any authority in support of the above-noted propositions. As a result, we will not review these bare contentions.

For the reasons indicated, we have determined that the record does not support a finding that Greenlee received the statutorily required notice of the arbitration hearing. Thus, the arbitrator's decision was void for lack of jurisdiction over the parties. Accordingly, we reverse the decision of the circuit court and remand the cause to the Commission for further proceedings consistent with our opinion.

Reversed and remanded.

McCULLOUGH, P.J., and RAKOWSKI, WOODWARD, and RARICK, JJ., concur.