RALPH L. UPCHURCH, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Pepsi-Cola Bottling Company, Appellant).

Fifth District (Industrial Commission Division)  No. 5—93—0376WC

Opinion filed May 17, 1994.

Stevenson, Rusin & Friedman, Ltd., of Chicago (Gregory G. Vacala, of counsel), for appellant.

David B. Garavalia, of Benton, for appellee.

JUSTICE RAKOWSKI delivered the opinion of the court:

The employee, Ralph L. Upchurch (claimant), filed two separate applications for an adjustment of claim pursuant to the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.1 *et seq.*) for back injuries that he allegedly sustained in the course of his employment with Pepsi-Cola Bottling Company (employer).

The dates of the accidents were March 4, 1991 (March accident), and April 11, 1991 (April accident). Because of a change on April 1, 1991, Royal was the employer's insurance carrier for the March accident and Travelers insurance represented the employer with respect to the April accident. Claimant's attorney was the same for both accidents.

Travelers retained the law firm of Stevenson, Rusin and Friedman, Ltd. (Stevenson), for the April accident, and Stevenson filed its appearance in the April accident, case no. 91 WC 28606, on June 14, 1991. Royal retained the law firm of Sweeney and Riman, Ltd. (Sweeney), for the March accident. Although Sweeney filed its appearance for the March accident, case no. 91 WC 27948, on July 12, 1991, it also inadvertently filed an appearance in the April accident case.

The arbitrator consolidated both claims and, after a hearing, issued separate decisions in September 1991. The arbitrator found that the claimant's condition of ill being was not causally related to the March accident but was causally related to the April accident. Both decisions were sent by certified mail and received by both claimant's attorney and Sweeney. No decision was mailed to Stevenson. Neither party filed a petition for review of the March accident case.

On November 6, 1991, the claimant's attorney wrote to Stevenson requesting a demand for payment of benefits based on the arbitrator's decision regarding the April accident. Stevenson responded that it had never received a copy of the arbitrator's decision, and on November 13, 1991, Stevenson filed a petition for review with the Industrial Commission (Commission) for the April accident. In December 1991, the claimant's attorney filed a special and limited appearance, objecting to the jurisdiction of the Commission to review the arbitrator's decision. The Commission, without addressing the jurisdiction issue, held:

"[T]hat the April 11, 1991, incident was not an accident within the meaning of the Act but only a mere manifestation of the claimant's prior injuries. The sum totality of the testimony and medical evidence points to the conclusion that [claimant] suffered only an aggravation of the preexisting condition.

Based upon the above, and after a complete review of the entire record, the Commission reverses the decision of the arbitrator, and finds that petitioner failed to prove he sustained accidental injuries arising out of and in the course of his employment on April 11, 1991."

On claimant's petition for judicial review, the circuit court reversed the Commission's decision. According to the circuit court's order, because Sweeney had filed appearances for both accidents, it was unnecessary to send a copy of the decision to Stevenson. As a result, Stevenson's "Statement of Exceptions" was outside of 30 days, and the Commission was without jurisdiction. Thus, the circuit court found that the arbitrator's award for the April accident was "final and conclusive on the Industrial Commission."

The sole issue we review is whether the Commission was without jurisdiction. We reverse and remand.

Section 19(b) of the Act states in part:

> "The decision of the Arbitrator shall be filed with the Commission which Commission shall immediately send to each party or his attorney a copy of such decision, together with a notification of the time when it was filed." Ill. Rev. Stat. 1987, ch. 48, par. 138.19(b).

It is clear that the decision was not sent directly to the employer. Nor was it mailed to Stevenson, who was retained by the employer's insurance carrier to represent the employer concerning the April accident. Therefore, the only way the employer could be charged with receiving the April accident decision would be through Sweeney, who was retained by Royal for the March accident.

Although this precise issue is one of first impression in Illinois, we find our opinion in *Greenlee Tool v. Industrial Comm'n* (1993), 245 Ill. App. 3d 500, 614 N.E.2d 900, to be both analogous and persuasive. In *Greenlee Tool*, the claimant sought compensation for two separate work-related accidents, one occurring in 1985 and the other in 1986. Similar to the case *sub judice*, the employer had different insurance carriers providing coverage (Fireman's Fund for the 1985 accident and Cigna for the 1986 accident). The two cases were consolidated for hearing. An attorney appeared and stated that he was only there to represent the employer on the 1986 claim. No one appeared on behalf of the employer for the 1985 claim. The arbitrator then directed claimant's counsel to proceed on both claims.

Although we reversed on a collateral issue (because the employer did not receive proper notice of the arbitration hearing, the arbitrator lacked jurisdiction), we also refused to accept the claimant's contention that "because an attorney was present to represent Greenlee on the 1986 accident claim, Greenlee had actual notice of the hearing involving the 1985 claim." *Greenlee Tool*, 245 Ill. App. 3d at 505, 614 N.E.2d at 904.

While we did not expand upon this issue in *Greenlee Tool*, strong policy reasons support our decision. In the case *sub judice*, despite the fact that both claims are against the same employer, separate insurers are involved. Their respective interests are both divergent and antagonistic. Apparently, the Commission recognized that the April accident decision should have been mailed to Stevenson when it allowed Stevenson to proceed with the statement of exceptions notwithstanding the fact that it was filed well beyond the time limitation. This case involved separate claims and separate applications for adjustment. Although the claims were consolidated for

hearing, separate attorneys on behalf of different insurance carriers represented the employer for the respective accidents. The record is clear that the parties, their attorneys, the arbitrator, and the Commission were all well aware that separate carriers and separate accidents were involved. The claimant concedes that Sweeney's appearance in the April accident case was an inadvertent filing. Contrary to the claimant's position, one must not lose sight of the fact that it was the insurance carriers who retained the attorneys and who will pay the awards.

We can conceive of no reason to accept the claimant's contention. To do so would lead to uncertainty and serious conflicts of interest for the attorneys involved.

Based upon the above, the decision of the circuit court that the Commission was without jurisdiction is reversed, and the cause is remanded to the circuit court for further proceedings.

Reversed and remanded.

McCULLOUGH, P.J., and WOODWARD, SLATER, and RARICK, JJ., concur.