COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


HEYWARD JOSEPH TUMLIN

v.   Record No. 2232-95-3                    MEMORANDUM OPINION[*]
                                                PER CURIAM
GOODYEAR TIRE & RUBBER COMPANY               FEBRUARY 20, 1996
AND
TRAVELERS INDEMNITY COMPANY OF ILLINOIS


                                FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

              (H. J. Tumlin, pro se, on briefs).

              (Gregory T. Casker; Daniel, Vaughan, Medley &
              Smitherman, on brief), for appellees.


      Heyward Joseph Tumlin contends that the Workers'

Compensation Commission erred in (1) not awarding him penalties,

interest, and cost-of-living supplements from May 18, 1990, the

date of his compensable injury by accident; (2) not awarding him

treble compensatory damages and punitive damages; (3) refusing to

allow him to submit a second medical opinion on review; (4)

refusing to consider his argument that the selective employment

provisions of the Workers' Compensation Act ("the Act") are

unconstitutional; and (5) in not awarding him attorneys' fees and

costs.  Upon reviewing the record and the briefs of the parties,

we conclude that this appeal is without merit.  Accordingly, we

summarily affirm the commission's decision.  Rule 5A:27.

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

I.  Penalties, Interest and Cost-of-Living Supplements

Pursuant to Code § 65.2-524, the commission may assess a twenty percent penalty against an employer if compensation "is not paid within two weeks after it becomes due."  Under this section, compensation is due on the date of the award.  Audobon Tree Serv. v. Childress, 2 Va. App. 35, 38-39, 341 S.E.2d 211, 213-14 (1986).

Tumlin's permanent partial disability benefits did not become due until the commission entered its award on March 30, 1995.  Tumlin did not dispute that employer paid him all sums due for permanent partial disability benefits by check dated March 20, 1995.  Because employer paid to Tumlin accrued compensation before the fourteen-day period expired, the commission did not err in finding that employer's payment was timely and in denying Tumlin's request for an award of penalties.

Pursuant to Code § 65.2-713, the commission may assess interest at the judgment rate against an employer on benefits accruing from the day they should have been paid, even absent an award, but only if voluntary payment of such benefits was delayed or denied without reasonable grounds.  The record amply supports the commission's finding that employer reasonably defended against Tumlin's claim.  Indeed, we noted in a prior opinion that employer's defense presented an issue of first impression for this Court.  Tumlin v. Goodyear Tire & Rubber Co., 18 Va. App. 375, 381, 444 S.E.2d 22, 25 (1994).

2

Interest may also be assessed by the commission when benefits due under an award are delayed because of an appeal. Code § 65.2-707. Because no award for permanent partial disability benefits existed until March 30, 1995, Tumlin's appeal to this Court did not delay payment of compensation due under an award. For these reasons, the commission did not err in refusing to award interest to Tumlin.

Code § 65.2-709, which governs cost-of-living supplements, does not provide for cost-of-living supplements to be added to awards of temporary partial or permanent partial disability benefits. Accordingly, the commission did not err in refusing to add cost-of-living supplements to Tumlin's award of permanent partial disability benefits.

## II. Treble Compensatory Damages and Punitive Damages

Any argument not raised before the commission will not be considered for the first time on appeal. Rule 5A:18. See also Kendrick v. Nationwide Homes, Inc., 4 Va. App. 189, 192, 355 S.E.2d 347, 349 (1987). Tumlin did not ask the commission to award him treble compensatory and punitive damages. Therefore, we will not consider this issue for the first time on appeal.

## III. Second Medical Opinion

On review before the full commission, Tumlin requested permission to submit a second medical opinion concerning his impairment ratings. The commission denied this request because Tumlin did not first make the request to the deputy commissioner.

3

Furthermore, the evidence did not qualify as after-discovered evidence.

Tumlin filed his initial claim for permanent partial disability benefits on July 11, 1991.  He had ample opportunity before the August 17, 1992 initial hearing to obtain a second opinion, but did not do so.  Based upon this record, the commission did not err in refusing to allow Tumlin to submit additional medical evidence.

### IV.  Constitutionality of the Act

Tumlin contends that the selective employment provisions of the Act unconstitutionally discriminate against disabled workers.  Tumlin did not raise this issue at the initial hearing or on remand to the deputy commissioner after this Court's May 17, 1994 decision.  Accordingly, the commission did not err by refusing to consider this issue for the first time on review.

### V.  Attorneys' Fees and Costs

On remand to the commission after this Court's May 17, 1994 decision, Tumlin did not request an award of attorneys' fees or costs.  Accordingly, we will not consider this request for the first time on appeal.  Rule 5A:18.

For the reasons stated, we affirm the commission's decision.

Affirmed.

4