COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Coleman and Willis


JULIE ANN SANGSTER

v.   Record No. 2651-95-4                    MEMORANDUM OPINION[*]
                                                 PER CURIAM
TRIPLE H PROPERTIES, LTD.                     MAY 7, 1996
AND
INSURANCE COMPANY OF NORTH AMERICA


                              FROM THE VIRGINIA WORKERS'
COMPENSATION COMMISSION

          (Julie Ann Sangster, pro se, on briefs).

          (Douglas A. Seymour, on brief), for
          appellees.


     Julie Ann Sangster contends that the Workers' Compensation

Commission erred in (1) refusing to assess a twenty percent

penalty against Triple H Properties and its insurer (hereinafter

collectively referred to as "employer"); and (2) not providing a

schedule for filing written statements on review.  Upon reviewing

the record and the briefs of the parties, we conclude that this

appeal is without merit.  Accordingly, we summarily affirm the

commission's decision.  Rule 5A:27.

                              I.

     On appeal, we view the evidence in the light most favorable

to the prevailing party below.  R.G. Moore Bldg. Corp. v.

Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).  So

viewed, the evidence established that the commission approved a

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

compromise settlement between Sangster and employer by order entered December 1, 1994. On December 12, 1994, employer mailed the settlement check to Sangster at her last known address. Sangster received the settlement check on December 15, 1994. Upon deposit of the settlement check, Sangster's bank advised her that it would take seven to eleven business days for the check to clear. Between December 16, 1994 and December 23, 1994, several checks written by Sangster on her account were returned for "insufficient funds."[1]

The Workers' Compensation Act imposes a twenty percent penalty against an employer who fails to pay benefits within two weeks after they become due. Code § 65.2-524. "[A] benefit is 'paid' when payment is mailed _directly_ to the claimant, at his current residential address, within two weeks after it becomes due." _Audobon Tree Serv. v. Childress_, 2 Va. App. 35, 41, 341 S.E.2d 211, 215 (1986).

Employer complied with its obligation pursuant to Code § 65.2-524 when it mailed the settlement check to Sangster eleven days after entry of the commission's order approving the settlement. Contrary to Sangster's assertions on appeal, no evidence before the commission indicated that the funds available in the insurer's account of the payee bank were insufficient to

---

[1] The documents contained in the joint appendix at pages six through eleven are not contained in the commission's record. Accordingly, we will not consider these documents for the first time on appeal.

pay the settlement check.  Thus, the commission did not err in refusing to assess a twenty percent penalty against the employer.

## II.

"[T]he commission had the discretion to hear the petition for review without a specification of each determination of fact or law, and to determine all issues involved in the case." Brushy Ridge Coal Co. v. Blevins, 6 Va. App. 73, 78, 367 S.E.2d 204, 206 (1988).  Where, as here, the deputy commissioner determined the penalty issue on the record, we cannot say as a matter of law that the commission erred in failing to schedule the presentation of written statements.  The issue before the commission is not complicated and was capable of full analysis on the record.

For the reasons stated, we affirm the commission's decision.

Affirmed.

3