ELDER, Judge.
Judy Boyd (claimant) appeals from a decision of the Workers’ Compensation Commission holding that the application of her employer, People, Inc., and its insurer, North American Specialty Insurance Company (hereinafter collectively employer), to terminate benefits being paid pursuant to an outstanding award was properly filed. On appeal, she contends the application for termination was void ab initio because the check paying benefits through the date of filing of the application, although bearing the same issue date as the application, was postmarked one day later than the date on the application. We hold the commission’s determination that employer’s application did not violate Commission Rule 1.4 was not error. Thus, we affirm.
I.
BACKGROUND
Claimant sustained a compensable injury by accident to her lower back on July 30, 2001, while working for employer. *85 Employer accepted the injury as compensable, and the parties executed an agreement to pay temporary total disability benefits. Based on that agreement, the commission entered an award on December 14, 2001.
On July 18, 2002, employer filed an application requesting termination of the outstanding award based on claimant’s release to return to her pre-injury employment. The application was dated July 18, 2002, and mailed via certified mail on that date. The application indicated that benefits had been paid to claimant through July 18, 2002. A check paying benefits through July 18, 2002, was issued on that same date. The envelope in which the check was mailed was postmarked July 19, 2002.
Commission staff determined the application was based on probable cause. As a result, the application was docketed on August 7, 2002, and referred to the hearing docket. Claimant did not object to the determination of probable cause or the referral of the application to the hearing docket.
At the hearing before the deputy commissioner on October 80, 2002, claimant moved to dismiss employer’s application as void ab initio under Commission Rule 1.4, contending the termination application misrepresented that the disability benefits payments were current at the time it filed its application. The deputy commissioner concluded the application was not void ab initio. The deputy also found claimant was capable of returning to work and terminated the award effective July 18, 2002.
On appeal, the commission unanimously affirmed the deputy’s decision that employer’s termination application was not defective. It rejected employer’s argument that claimant waived her right to raise the procedural objection by not asserting it when probable cause was found and the matter was referred to the hearing docket. The commission also concluded “claimant has made no showing that she was not paid compensation for the period ending July 18, 2002, the date the application was filed. The check covering that period was issued on the day of the application’s filing, although *86 postmarked the next day.” On those facts, it concluded the application “was not defective.” Finally, the commission concluded the evidence established claimant was no longer disabled due to the effects of her work injury and was able to return to pre-injury employment.
Claimant noted an appeal to this Court only on the issue of the timeliness of employer’s payment of benefits.
II.
ANALYSIS
Claimant contends that, under Rule 1.4, the commission erroneously docketed and considered employer’s application for termination of benefits. She argues the application was void because employer filed the application by sending it via certified mail on July 18, 2002, but did not mail the related benefits check, which was issued that date and paid benefits through that date, until July 19, 2002.[1] When a challenge is made to the commission’s construction of its rules, “our review is limited to a determination of whether the commission’s interpretation of its own rule was reasonable.” Classic Floors, Inc. v. Guy, 9 Va.App. 90, 93, 383 S.E.2d 761, 763 *87 (1989). We mil not set aside the commission’s interpretation of its rules unless that interpretation is arbitrary and capricious. Specialty Auto Body v. Cook, 14 Va.App. 327, 330, 416 S.E.2d 233, 235 (1992). Upon our review of the “undisputed facts” in the record, we hold the commission’s determination that employer’s application did not violate Rule 1.4 was not error.
Commission Rule 1.4 requires that, absent certain exceptions not applicable here, an employer filing an application for a hearing based on a change in condition must pay “[e]ompensation ... through the date the application was filed.” Rule 1.4(C). That application must “[s]tate the date for which compensation was last paid.” Id. The commission held in Cook, that an employer’s change-in-condition application is facially void if the application represents that benefits were paid through a date prior to the date of filing of the application, and it concluded that Rule 1.4 requires dismissal of the application under these circumstances. 14 Va.App. at 329, 416 S.E.2d at 234 (decided under former Rule 13, predecessor to Rule 1.4, which contained substantially similar requirements). We upheld that result, reasoning as follows:
The Commission promulgated [Rule 1.4] “to police [the] tendency of employers and insurers to terminate first and litigate later.” The Rule provides a reasonable mechanism to protect employees from possible abuse in the filing practices of employers. Thus, we cannot say that a strict interpretation of [Rule 1.4’s] provisions is misplaced or unreasonable.
Id. at 330-31, 416 S.E.2d at 235 (quoting Dillard v. Comm’n, 416 U.S. 783, 789, 94 S.Ct. 2028, 2032, 40 L.Ed.2d 540 (1974)) (citation omitted).
The commission has also applied Rule 1.4 in circumstances in which the application is facially valid but additional evidence proves the required compensation payments were not made “through the date the application was filed,” Rule 1.4, “either before or with the filing of [the] [application,” Rule v. South-side Reg. Med. Ctr., 74 O.W.C. 40, 1995 WL 1063835, *1 (1995) *88 (emphases added). In Mullins v. T & J Trucking, 73 O.W.C. 56, 1994 WL 1039789, *1 (1994), for example, the employer represented that benefits for a two-week period preceding the date of filing of the application were paid on the date the application was filed. However, the record indicated the employer did not mail the benefit payment at issue until three days after it filed its application. Id. Citing our decision in Cook, the commission emphasized its position that “compensation must be paid to the employee through the filing date at the time of filing.”[2] Id. (emphasis added).
Prior to the instant case, however, neither the commission nor any Virginia appellate court had expressly considered what “paid” and payment mean in the context of Rule 1.4(C)’s express requirement that compensation shall be paid through the date the application was filed and the commission’s position that such payment shall be made before or with the employer’s filing of the application. We now hold that the commission’s ruling here, which considers benefits timely paid pursuant to Rule 1.4 where the payment check and the application bear the same date and the payment is postmarked the following day, is not unreasonable in light of the purpose of the Rule “to police [the] tendency of employers and insurers to terminate first and litigate later.” Where the application and benefits payment are issued on the same date and mailing of the payment is only briefly postponed—here, by only one day—a decision that benefits have, in fact, been paid simultaneously with the filing of the application is not arbitrary and capricious.
Nor is such a result in conflict with the commission’s decisions in Mullins and Rule. In Mullins, the employer filed its application on May 6, 1994, and it did not mail the compensation check paying benefits through that date until three days later. 1994 WL 1039789, at *1. The commission *89 found this three-day delay in mailing was insufficient to satisfy Rule 1.4(C), and it made no mention of the date on which the check was issued. Id. In Rule, in which the employer alleged a refusal of selective employment on December 5, 1994, the commission noted the benefits check was issued the same date employer’s application was filed, December 9, 1994, but was not mailed “until three days after the application was filed and eight days after the date through which payment was required,” December 4,1994. 1995 WL 1063835, at *2.
The commission’s decision in claimant’s ease is nothing but a further refinement of its conclusion that Rule 1.4(C) requires an employer to “pay compensation either before or with the filing of an Application for Hearing.” Id. at *1. A finding that a check issued the same day the application is filed and postmarked the next day is timely is not arbitrary and capricious in light of Rule, in which the check was postmarked three days later and eight days after the date through which it was due. Further, given that the commission’s opinion is subject to a reasonable interpretation that does not conflict with Rule or Mullins, the commission had no duty to expressly distinguish these decisions in its opinion in this case.[3]
Claimant contends our holding in Audobon Tree Service v. Childress, 2 Va.App. 35, 341 S.E.2d 211 (1986), compels the conclusion that compensation benefits are “paid” pursuant to *90 Rule 1.4 only when the payment is mailed directly to the claimant. Thus, she contends, the benefits owed her were paid not when the check was issued on July 18, 2002, but rather when the check was mailed to her on July 19, 2002, as indicated by the postmark on the accompanying envelope. We disagree.
In Audobon, we considered when benefits were deemed “paid” pursuant to former Code § 65.1-75.1, now Code § 65.2-524, which allowed the assessment of a penalty for “ ‘any payment ... not paid within two weeks after it becomes due.’ ” 2 Va.App. at 36 n. 2, 341 S.E.2d at 212 n. 2. The employer timely mailed the benefits to the claimant’s lawyer rather than the claimant, and the claimant did not actually receive them until after the two-week period had expired. Id. at 41, 341 S.E.2d at 215. The commission held that “payment [was] ‘paid under Code § 65.1-75.1 only after it [had] been received by the claimant.’ ” Id. at 38, 341 S.E.2d at 213. We disagreed, holding that when benefits were “paid” under Code § 65.1-75.1 was determined by when they were mailed rather than when they were received. Id. at 40-41, 341 S.E.2d at 214-15. However, we affirmed the commission’s assessment of a penalty because we concluded the benefits had to be mailed “directly to the claimant” rather than his lawyer in order for them to be considered “paid.” Id. at 41, 341 S.E.2d at 215.
Our decision in Audobon was dependent upon the legislature’s intent in enacting Code § 65.1-75.1. 2 Va.App. at 40, 341 S.E.2d at 214-15. Further, in each instance in the opinion in which we stated our conclusion regarding the meaning of “paid,” we clearly indicated that our interpretation of the word “paid” related to its usage in that particular code section. Id. at 38-41, 341 S.E.2d at 213-15.
In this case, by contrast, we are called to pass upon the commission’s interpretation of its own Rule 1.4, not a statute enacted by the legislature. In light of the purpose of the rule “to police [the] tendency of employers and insurers to terminate first and litigate later,” we hold the commission’s inter *91 pretation of the rule is not error. As set out above, where the application and benefits payment are issued on the same date and mailing of the payment is only briefly postponed, a decision that benefits have, in fact, been paid simultaneously with the filing of the application is not arbitrary and capricious.
III.
For these reasons, we hold the commission’s determination that employer’s application did not violate Rule 1.4 was not arbitrary and capricious. Thus, we affirm.

Affirmed.

. Employer contends in a footnote that claimant waived her right to contest the timeliness of the payment accompanying the application because she failed to object or submit evidence within 15 days after the commission’s acceptance of the application. We disagree. Although Rule 1.5 gives the party opposing the application fifteen days to present evidence in opposition before the matter is referred for a hearing on the record or evidentiary hearing, the rule does not require that any objections must be made or evidence submitted prior to that time upon penalty of waiver. Cf. Specialty Auto Body v. Cook, 14 Va.App. 327, 332, 416 S.E.2d 233, 236 (1992) (holding that Cook had neither waived nor been estopped from asserting as a defense to the employer’s application the fact that it had not paid benefits through the date of the application because ‘‘[njothing in Rule 13 requires that the defect in the application be assailed prior to the evidentiary hearing").
We need not decide whether a non-compliant application would be void ah initio or merely voidable. Compare Cook, 14 Va.App. at 332, 416 S.E.2d at 236 (affirming commission’s conclusion that application was void ab initio) with Nelson v. Warden, 262 Va. 276, 284—85, 552 S.E.2d 73, 77-78 (2001) (noting distinction between subject matter jurisdiction and authority to exercise that jurisdiction).

. Rule 1.4 expressly requires only that compensation be paid "through the date the application was filed” and does not require that such payments be made before or at the time of filing of the application. (Emphasis added). Nor does our decision in Cook compel such an interpretation.

. Although the commission cited in support Williams v. Williams, VWC No. 191-75-20, 1999 WL 1006880 (Va. Workers’ Comp. Comm’n Oct. 21, 1999), a prior unpublished decision lacking legal significance in this context, the commission nevertheless focused on the dispositive facts under Rule—that "[t]he check covering [the period ending July 18, 2002, the date the application was filed] was issued on the day of the application’s filing, although postmarked the next day.” Thus, contrary to the position taken by the dissent, the commission, for the right reason rather than the wrong one, exercised its discretion to reach what it believed was the right result, even if the authority it cited in support of that "right reason” lacked legal significance in this context. Cf. Lash v. County of Henrico, 14 Va.App. 926, 929, 421 S.E.2d 851, 853 (1992) (era banc) (holding that, as long as litigant preserves issue in trial court, Rule 5A:18 does not prevent appellate court "from relying on ... authority that was not presented to the trial court or referred to in [the parties’] briefs” (emphasis added)).