UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present:   Judges Petty, O'Brien and AtLee
Argued at Lexington, Virginia


THE UNINSURED EMPLOYER'S FUND

MEMORANDUM OPINION* BY
v.        Record No. 1676-15-3          JUDGE WILLIAM G. PETTY
APRIL 26, 2016

CHARLIE JEFFREYS


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Matthew J. Griffin (David A. Obuchowicz; Midkiff, Muncie &
Ross, P.C., on briefs), for appellant.

James B. Feinman (James B. Feinman & Associates, on brief), for
appellee.


The Uninsured Employer's Fund ("the Fund") appeals a decision of the Workers'

Compensation Commission awarding benefits to Charlie Jeffreys ("claimant").  The Fund argues

that:  (1) The Commission erred when it found that the Fund waived its argument that claimant

was not an employee of Missionary Baptist Church, or any other named defendant, even though

the Fund timely filed a request for review and written statement, which both explicitly asked the

Commission to find that claimant was not an employee of any named defendant; (2) the

Commission erred when it declined to address the issue of whether William Johnson was an

independent contractor, even though the Fund explicitly argued that William Johnson was an

independent contractor; (3) the Commission erred when it found that claimant was an employee

of Mount Lebanon Missionary Baptist Church, or any other named defendant, despite the fact

that there was no evidence that any of those defendants ever contacted or instructed claimant in

any way over the course of his job performance; (4) the Commission erred when it found that

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

claimant was not an independent contractor; and (5) the Commission erred when it held that the Fund waived and abandoned any argument that claimant was not a statutory employee of Missionary Baptist Church or any other named defendant and that the Church was not involved in the trade, business, or occupation of construction. Claimant submits an assignment of cross-error asserting that the Commission erred in finding Annie Mosby was not an employer of claimant.

I.

Because the parties are fully conversant with the record in this case and this memorandum opinion carries no precedential value, we recite below only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

On October 31, 2012, claimant was injured while helping to reconstruct the Harvey Colored School building on Annie Mosby's land. The evidence established that the school building itself was owned by Mosby. Mosby was President of the Harvey School Historical Society, an organization with the goal of restoring the school. In 2003, the Historical Society became an auxiliary of Mount Lebanon Missionary Baptist Church.

On January 15, 2014, claimant filed a claim for benefits, naming the Historical Society of Mount Lebanon Baptist Church as employer. On August 27, 2014, another claim for benefits was filed, adding Mosby and the Church itself as employers. A hearing before the deputy commissioner was held on May 7, 2015. The Uninsured Employer's Fund defended the claim, arguing, among other things, that claimant was an independent contractor rather than an employee of the named defendants. On June 17, 2015, the deputy commissioner issued an opinion, finding that claimant was an employee and not an independent contractor because another construction worker, William Jerome Johnson, had hired claimant and was in charge on

the jobsite. The deputy commissioner nevertheless found that Mosby was claimant's employer because Johnson had to receive permission from Mosby to hire claimant and Mosby provided funds for wages and supplies. Moreover, the deputy commissioner found that Mosby was acting as an agent for the Historical Society, which was a part of the Church. Therefore, the deputy commissioner ultimately found that the Church was claimant's employer. An award for claimant was entered against the Church, to be paid by the Fund if not satisfied.

The Fund filed a request for review, alleging seven assignments of error, and an accompanying written statement. In its review opinion, the Commission reversed the deputy commissioner's finding that Mosby was claimant's employer, but affirmed the finding that the Church was claimant's employer on the grounds that that determination had not been appealed. The Fund filed a request for reconsideration, which the Commission denied. The Fund now appeals.

## II.

### A. Assignment of Cross-Error

We first address claimant's assignment of cross-error asserting that the Commission erred in finding that Mosby was not claimant's employer.

"A claimant seeking benefits under the Workers' Compensation Act bears the burden of establishing that he is an employee as that term is defined in Code § 65.2-101." Creative Designs Tattooing Assocs. v. Estate of Parrish, 56 Va. App. 299, 307, 693 S.E.2d 303, 307 (2010). "What constitutes an employee is a question of law; but, whether the facts bring a person within the law's designation, is usually a question of fact." Id. (quoting Intermodal Servs., Inc. v. Smith, 234 Va. 596, 600, 364 S.E.2d 221, 224 (1988)). "The determination as to whether an individual is an employee, or an independent contractor, accordingly, 'involves a mixed question of law and fact which is reviewable on appeal.'" Id. at 308, 693 S.E.2d at 308

(quoting Cty. of Spotsylvania v. Walker, 25 Va. App. 224, 230, 487 S.E.2d 274, 276 (1997)).

On appeal, legal questions are subject to *de novo* review. Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 127, 510 S.E.2d 255, 259 (1999) (*en banc*). However, factual findings made by the Commission are binding on this Court if supported by evidence. Id.

"Whether the existing status is that of an employee or an independent contractor is governed, not by any express provision of the workmen's compensation law, but by common law." Creative Designs, 56 Va. App. at 308, 693 S.E.2d at 308 (quoting Hann v. Times-Dispatch Pub. Co, 166 Va. 102, 105, 184 S.E. 183, 184 (1936)). "No hard and fast rule can be laid down for ascertaining whether the status is one or the other. It must be determined from the facts of the particular case in the light of well settled principles." Id. (quoting Hann, 166 Va. at 105-06, 184 S.E. at 184).

"Generally, 'a person is an employee if he works for wages or a salary and the person who hires him reserves the power to fire him and the power to exercise control over the work to be performed.'" Intermodal, 234 Va. at 601, 364 S.E.2d at 224 (quoting Richmond Newspapers v. Gill, 224 Va. 92, 98, 294 S.E.2d 840, 843 (1982)). "The right of control is the determining factor in ascertaining the parties' status in an analysis of an employment relationship." Id.

> But [a]n employer-employee relationship exists only if the control reserved includes the power to control, not only the result to be accomplished, but also the *means and methods* by which the result is to be accomplished.
>
> > "If under the contract the party for whom the work is being done may prescribe not only what the result shall be, but also direct the means and methods by which the other shall do the work, the former is an employer, and the latter an employee. But if the former may specify the result only, and the latter may adopt such means and methods as he chooses to accomplish that result, then the latter is not an employee, but an independent contractor. So the master test is the right to control the work . . . ."

- 4 -

Richmond Newspapers, 224 Va. at 98, 294 S.E.2d at 843 (emphasis added) (quoting Craig v. Doyle, 179 Va. 526, 531, 19 S.E.2d 675, 677 (1942)).

With these principles in mind, we review the Commission's decision that claimant was not an employee of Mosby.

Claimant argues that the Commission erred because the evidence established that Mosby had the power to control the worksite. Claimant contends that Mosby applied for the building permit, paid for the materials, drove the workers to and from work when she was in town, bought lunch for the workers, paid the workers individually, and instructed the workers to follow building codes.

However, we defer to the Commission's factual findings regarding the relationship between claimant and Mosby. There was abundant evidence to support the Commission's holding that claimant was not an employee of Mosby. Contrary to claimant's assertions, the Commission found that Mosby merely authorized Johnson to reconstruct the school. Mosby lived in California while claimant and Johnson were working on the reconstruction in Virginia. Mosby did not give specific instructions to Johnson on how to reconstruct the school, and Mosby and Johnson did not have regular contact with each other. Mosby provided the money for labor and materials, but Johnson decided what materials were needed and purchased them. Thus, while Mosby prescribed the "result" of the work done—the reconstruction of the school—she did not prescribe the "means and methods" by which that result was to be achieved.

And, despite the fact that Mosby paid claimant for his work, Mosby did not "control the work" or maintain any authority over claimant. Mosby gave Johnson permission to hire a helper on the jobsite, however Mosby did not know claimant's name and she denied having any employees working for her. Claimant never met or spoke to Mosby before the accident. Mosby indirectly paid claimant through her sister, who gave claimant the money. It was Johnson, not

- 5 -

Mosby, who tracked the hours that claimant was to be paid for, supervised claimant on the jobsite, and told claimant what to do each day.

These facts indicate that although Mosby asked that the schoolhouse be reconstructed, she did not have the power to control the means by which claimant assisted in reconstructing the schoolhouse. Accordingly, we affirm the Commission's decision that claimant was not an employee of Mosby.

## B. Assignments of Error One and Five

Next, we address together the Fund's first and fifth assignments of error, both of which assert that the Commission erred in holding that the Fund waived its argument that claimant was an employee of the Church or any other named defendant.

In its review opinion, the Commission held that "the lower decision entered an award against Mount Lebanon Missionary Baptist Church who was found to be an employer of the claimant. No party argued against this determination on appeal and such is final." In its order denying claimant's request for reconsideration, the Commission reiterated that

> [t]he Fund, in the body of its written statement, did not argue that the claimant and Johnson were not employees of the Church, did not argue whether the Church had sufficient control over the claimant and Johnson to make them employees, and did not argue whether the Church was in the trade, business, or occupation of construction. All of the Fund's arguments on appeal on this issue were limited to the claimant's and Johnson's status vis-à-vis Mosby. By reason of the Fund's failure to argue that the claimant was not an employee of the Church, we affirmed the Deputy Commissioner's decision in that regard.

"When a challenge is made to the commission's construction of its rules, 'our review is limited to a determination of whether the commission's interpretation of its own rule was reasonable.'" Boyd v. People, Inc., 43 Va. App. 82, 86, 596 S.E.2d 100, 102 (2004) (quoting Classic Floors, Inc. v. Guy, 9 Va. App. 90, 93, 383 S.E.2d 761, 763 (1989)). Accordingly, "[w]e

will not set aside the commission's interpretation of its rules unless that interpretation is arbitrary and capricious." Id. at 87, 596 S.E.2d at 103.

We have previously recognized the Commission's authority to deem a party's argument waived pursuant to Commission Rule 3.2, which states that "[t]he Commission will advise the parties of the schedule for filing brief written statements supporting their respective positions. The statements shall address all errors assigned, with particular reference to those portions of the record which support a party's position." See Russell Stover Candies v. Alexander, 30 Va. App. 812, 822, 520 S.E.2d 404, 409 (1999). Although not binding, unpublished opinions from this Court have recognized the Commission's authority to deem arguments waived under Rule 3.2. See Smurfit-Stone Container Enters. v. Jones, No. 0358-13-1, 2013 Va. App. LEXIS 306, at *13 (Va. Ct. App. Oct. 29, 2013) ("[T]he purpose of Rule 3.2 is to ensure that the parties inform the commission of the issues that are contested and, thereby, free the commission from needlessly resolving issues that the parties no longer challenge."); Graham v. Consolidated Stores Corp., No. 1464-98-3, 1998 Va. App. LEXIS 627, at *5-6, (Va. Ct. App. Dec. 8, 1998) ("In applying Rule 3.2, the commission has consistently held that where a party assigns error to an issue in its request for review, but then does not argue that issue in its written statement, the issue may be deemed waived or abandoned."). However, "Rule 3.2 does not mandate that a party appealing a deputy's ruling must file a timely written statement or face dismissal." Russell Stover, 30 Va. App. at 824, 520 S.E.2d at 410. Rather, under Commission Rule 3.1, "once a request for review has been filed, the commission may 'address any error and correct any decision . . . necessary for just determination of the issues,' even if no written statement has been filed." Id. at 824-25, 520 S.E.2d at 410 (alteration in original) (quoting Commission Rule 3.1).

Upon our review of the record, we find that it was unreasonable for the Commission to determine that the Fund did not argue in its written statement the issue of whether claimant was an employee of the Historical Society and the Church.

We recognize that the Fund, in its written statement, only addressed claimant's relationship with Mosby. However, read in context,[1] the meaning of the Fund's argument was clear and understandable. See Moore v. Commonwealth, 276 Va. 747, 753-56, 668 S.E.2d 150, 153-55 (2008) (concluding that even though the appellant's assignment of error relied on the wrong standard governing his claim, Rule 5A:12 did not preclude the Court from reaching the merits of the case because the mistake was insignificant rather than substantial and there was no doubt regarding the subject of the claim when the assignment of error was read in conjunction with appellant's argument).

First, the Fund specifically assigned error to the deputy commissioner's determination that claimant was an employee of the Historical Society/Church. And the conclusion of the

---

[1] Both the deputy commissioner's opinion and that of the full Commission lack a clear legal analysis supporting their conclusions. For instance, the deputy commissioner concluded that "Mosby is the employer," but then went on to find that Mosby was simply acting as an agent of the Historical Society because they "were intertwined and had the same goal"; thus, the Historical Society was the employer. Furthermore, despite the deputy commissioner's express statement that "we do not need to determine if [the Historical Society/Church] was in the trade, business or occupation of construction," the Commission concluded that the Fund "fail[ed] to argue against the Deputy Commissioner's inherent finding that the Church, by employing the claimant, was in the trade, business and occupation of construction."

Thus, for purposes of this assignment of error, we read the deputy commissioner's opinion to mean that the deputy commissioner concluded Mosby was acting as an agent of the Historical Society/Church and that her control over the claimant's work was sufficient to create an employer-employee relationship between the Historical Society/Church, Mosby's principal, and the claimant. The full Commission did not address the agency relationship between Mosby and the Historical Society/Church in its opinion. However, in light of the record, we consider the Commission's finding that the claimant was not an employee of Mosby to be a rejection of the deputy commissioner's conclusion that Mosby's relationship with the claimant was sufficient to create an employer-employee relationship between the claimant and the Historical Society/Church. We furthermore assume that no finding was made regarding whether the Historical Society/Church could be considered to be in the trade, business or occupation of construction.

Fund's written statement asks that the Commission find that claimant was not an employee of *any* of the named defendants.

Most importantly, the Fund's written statement explicitly argued against the deputy commissioner's conclusion that Mosby exercised sufficient control over the claimant to make her an employer of the claimant. The deputy commissioner's opinion found that claimant was an employee of Mosby. The deputy commissioner then found that Mosby was an agent of the Historical Society, and thus the Historical Society, acting with Mosby as its agent, was claimant's employer. And, because the Historical Society was a part of the Church, the Church was claimant's employer. This principal-agent relationship between the Historical Society/Church and Mosby was the sole basis for the deputy commissioner's finding. No grounds independent of this agency relationship were given to support the finding that the Historical Society/Church was claimant's employer. We therefore agree with the Fund's argument that under the theory adopted by the deputy commissioner, if the agent Mosby was found not to be claimant's employer, it necessarily follows that Mosby's principal, the Historical Society/Church, could not be claimant's employer. Thus while the Fund did not explicitly argue in the body of its written statement that the Historical Society/Church was not claimant's employer, it was the only logical conclusion one could draw from the Fund's argument; the agent was not the employer therefore the principal could not be found to be the employer. The Fund's argument that claimant was not Mosby's employee, when taken in conjunction with the explicit assignment of error challenging the finding that claimant was an employee of the Historical Society/Church, provided sufficient argument to place the issue before the Commission for determination.

Accordingly, we hold that it was unreasonable for the Commission to find that the Fund waived its argument that the Historical Society/Church was not claimant's employer.[2]

### III.

For the foregoing reasons, we affirm the Commission's holding as to the assignment of cross-error addressed in Part II.A of this opinion. We reverse the Commission's holding that the Fund waived its argument that claimant was an employee of the Church or any other named defendant as addressed in Part II.B of this opinion and, we remand for further consideration consistent with this opinion.[3]

Affirmed in part,
reversed in part,
and remanded.

---

[2] Because our disposition of the Fund's first and fifth assignments of error is dispositive, we need not reach the remaining assignments of error. See Morris v. City of Va. Beach, 58 Va. App. 173, 180, 707 S.E.2d 479, 482 (2011) (holding that this Court decides cases on "the best and narrowest ground available" (quoting Armstead v. Commonwealth, 56 Va. App. 569, 576, 695 S.E.2d 561, 564 (2010))). However, as to the third assignment of error, we note that the Commission never made a finding that the claimant was an employee of the Historical Society/Church as it deemed that argument waived.

[3] Because our opinion expressed in Part II.A could impact the ultimate resolution of the unresolved issues, we remand the matter to the Commission with instructions to reconsider and address issues 1, 2, and 6 in the Fund's request for review and the claimant's response thereto, consistent with our holdings today.