PUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Huff, Malveaux and Senior Judge Annunziata
Argued by videoconference

B. MAYES MARKS, JR.

v.      Record No. 0073-21-2

OPINION BY
JUDGE GLEN A. HUFF
JUNE 29, 2021

HENRICO DOCTORS' HOSPITAL/HCA

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

B. Mayes Marks, Jr. (Marks & Associates, P.C., on brief), *pro se*.

(Charles Arthur Gavin; Cawthorn, Deskevich & Gavin, P.C., on brief), for appellee. Appellee submitting on brief.

Kenneth Bowe ("claimant") underwent surgery for a compensable injury in 2013. Claimant's counsel, B. Mayes Marks, Jr. ("appellant"), successfully recovered those surgical expenses from Honeywell International Inc. ("employer") on behalf of Henrico Doctors' Hospital ("appellee") in 2015. After significant delays, appellant sought recovery of attorney's fees from appellee. The Workers' Compensation Commission (the "Commission") denied appellant's request because he failed to give appellee reasonable notice of his claim for attorney's fees.

Appellant contends that the Commission committed reversible error by interpreting its own rules to include a requirement that reasonable notice be given for a claim of attorney's fees. This Court disagrees. The Commission's interpretation of its own rules was not unreasonable. Therefore, this Court will defer to that interpretation and affirm the judgment below.

## I. BACKGROUND

Claimant suffered compensable back injuries on September 18, 2002, and January 17, 2012. He underwent back surgery at appellee's hospital on August 18, 2013. Employer initially denied responsibility to pay for the surgery. Claimant pursued recovery of the surgical expenses on behalf of appellee. Employer later stipulated that the surgery costs were recoverable and, on January 19, 2015, the deputy commissioner entered an order requiring employer to pay for the surgery. On October 5, 2015, employer paid appellee $200,545.42 for the surgery.

Appellant made no attempt to recover attorney's fees until 2017. On April 12, 2017, appellant sent an e-mail to appellee's representative, Patricia Nobbee, requesting attorney's fees of 25% of the recovered amount. Appellant sent a second, identical e-mail on June 28, 2017. On July 6, 2017, appellant's assistant sent a third e-mail requesting a response to the prior two e-mails. All three of these e-mails, however, were sent to an incorrect address. All three were sent to PatriciaNobbee@Parallon.com. Ms. Nobbee's correct address, however, was Patricia.Nobbee@Parallon.com. Due to the omitted period, none of appellant's e-mails were received.[1]

Despite getting no response, appellant took no further action to recover attorney's fees for nearly three years. On March 25, 2020, appellant sent an e-mail to Ms. Nobbee's correct address requesting attorney's fees. Appellee denied the request, contending that the request was untimely. Appellant filed a formal request for attorney's fees with the Commission on April 2, 2020.

The deputy commissioner awarded appellant attorney's fees, holding that there was no requirement that a request for attorney's fees be made in a specific time frame. Appellee sought

---

[1] Appellant avers that he never received any indication that his e-mails were not delivered to their intended recipient.

review, and the Commission reversed in a split decision. The majority held that, pursuant to its rules, a claimant is required to give reasonable notice of their request for attorney's fees. It determined that appellant had failed to give such reasonable notice because appellee did not receive notice of the claim until March 2020, nearly five years after recovery of the surgical costs.

Commissioner Marshall dissented. He noted that the relevant statutory provision contains no time requirement for the filing of a claim for attorney's fees. Therefore, he concluded, the Commission lacked the authority to impose one. Commissioner Marshall reasoned that the requirement of reasonable notice as set forth in the Commission's rules refers only to reasonable notice of the filing of a motion with the Commission, not notice for the abstract assertion of a claim. Accordingly, the dissent maintained that the reasonable notice requirement exists only to protect the due process rights of opposing parties.

This appeal followed.

## II. STANDARD OF REVIEW

In matters appealed from the Commission, this Court reviews questions of law *de novo*. Advance Auto & Indem. Ins. Co. of N. Am. v. Craft, 63 Va. App. 502, 514 (2014). However, "[w]hen a challenge is made to the [C]ommission's construction of its rules, 'our review is limited to a determination of whether the [C]ommission's interpretation of its own rule was reasonable.'" Diaz v. Wilderness Resort Ass'n, 56 Va. App. 104, 114 (2010) (quoting Boyd v. People, Inc., 43 Va. App. 82, 86 (2004)). Therefore, this Court "will not set aside the [C]ommission's interpretation of its rules unless that interpretation is arbitrary and capricious." Id.

III. ANALYSIS

Appellant contends that the Commission erred in interpreting its rules to include a requirement that he had to give appellee timely and reasonable notice of his request for attorney's fees.[2] Appellant contends that this interpretation is incorrect because Rule 6.2 "plainly and unambiguously" applies only to the filing of a request for attorney's fees with the Commission. In other words, appellant contends that there is no timeliness requirement for requesting attorney's fees, only one for notifying the provider that a formal request was *filed*.

Attorney's fees in workers' compensation claims are governed by Code § 65.2-714. In pertinent part, that statute provides that

> If a contested claim is held to be compensable under this title and
> . . . benefits for medical services . . . inure to the benefit of a
> third-party . . . health care provider, the Commission shall award to
> the employee's attorney a reasonable fee and other reasonable pro
> rata costs as are appropriate. However, the Commission shall not
> award attorney fees under this subsection unless and until the
> employee's attorney has complied with Rule 6.2 of the Rules of the
> Commission.

Code § 65.2-714(B).

Thus, while the statute contains no timeliness requirement in its text, it does require strict adherence to the requirements of Rule 6.2. That rule, in turn, requires an attorney seeking fees to certify that the "health care provider was given reasonable notice that a motion for an award of such fee would be made."[3] Workers' Comp. Cms'n Rule 6.2(A)(3).

---

[2] Appellant does not challenge the Commission's determination that he failed to give reasonable notice of his claim for attorney's fees.

[3] The full text of Rule 6.2(A) provides that

> An attorney's fee shall be awarded from sums recovered for the
> benefit of a third-party insurance carrier or a health care provider
> pursuant to § 65.2-714 of the Code of Virginia, if the parties
> cannot agree, upon filing of a statement including the name and

The Commission interpreted this rule to require a party seeking recovery of attorney's fees to give the third-party health care provider reasonable and timely notice of the claim itself, not just the formal filing of a request for attorney's fees with the Commission. Essentially, the Commission interpreted notification that a motion "would be made" to equate to notification that a claim for attorney's fees was being pursued. In most circumstances, this would seem duplicative of Rule 6.2(A)(2), which requires certification that both the claimant and the provider "made a reasonable good faith effort to resolve the matter." However, as this case exemplifies, a claimant's attempt to resolve the matter may not always result in the third-party provider receiving notice of the claim.

Appellant contends that the Commission erred because the only plausible interpretation of the rule is that a claimant must notify the provider that they intend to file a formal motion with the Commission. While that is one plausible interpretation, such a rule would serve essentially no purpose. Both appellant—and the dissent below—contend that such a rule would protect the due process rights of the provider by giving them notice of the claim for attorney's fees pending before the Commission. However, Rule 6.2(A)(4) already does that by requiring certification

---

address of each carrier or provider from whom the fee is requested, the amount of the medical charge recovered for each carrier or provider and the amount of the fee requested, and certification that:

1. The claim was contested or that the defense was abandoned;

2. Prior to the filing of a request with the Commission the attorney and carrier or provider made a reasonable good faith effort to resolve the matter;

3. The insurance carrier or health care provider was given reasonable notice that a motion for an award of such fee would be made;

4. A copy of the motion has been sent to each carrier and health care provider identified.

that "[a] copy of the motion has been sent to each carrier and health care provider identified." Therefore, appellant's interpretation would require a claimant to notify the third-party provider both that they *intended to file* a claim and that they *actually filed* a claim.

Regardless, the role of this Court is not to interpret the Commission's rules for it. The applicable standard of review limits this Court's role to determining whether the Commission's interpretation of Rule 6.2(A)(3) was reasonable. <u>Diaz</u>, 56 Va. App. at 114. Here, the rule is capable of two plausible interpretations. Therefore, this Court cannot say that the Commission's choice of one over the other was unreasonable. Nor is there anything unreasonable about a requirement that a claimant give notice of their claim within a reasonable period of time. Indeed, rules of repose are replete in law. Accordingly, this Court defers to the Commission's interpretation of its own rule.

IV.  CONCLUSION

The Commission interpreted Rule 6.2(A)(3) to require reasonable notice of the claim for attorney's fees. Because that interpretation is not unreasonable, this Court will not set aside the Commission's interpretation of one of its own rules. Accordingly, this Court affirms the judgment of the Commission.

<u>Affirmed.</u>